Georgia **H. HAMMONDS**, Plaintiff,

v.

Anthony **J. CELEBREZZE**, Secretary of Health, Education and Welfare, Defendant.

**Civ. A. No. 64–366.**

United States District Court
N. D. Alabama, E. D.

March 11, 1965.

Levine, Fulford, Gwaltney & Pope, Birmingham, Ala., for plaintiff.

Macon L. Weaver, U. S. Atty., and L. Wayne Collier, Asst. U. S. Atty., Birmingham, Ala., for defendant.

## MEMORANDUM OPINION

GROOMS, District Judge.

This action is brought under Section 205(g) of the Social Security Act [42 U.S.C.A. Sec. 405(g)] to have this Court review a final decision of the Secretary of Health, Education and Welfare.

The proceedings leading to this request for judicial review are as follows: On October 26, 1961, Georgia H. Hammonds, the plaintiff herein, filed an application for a period of disability and disability insurance benefits under Sections 216(i) and 223 of the Act [42 U.S.C.A. §§ 416 (i) and 423]. Pursuant to the filing of the application, it was determined on December 14, 1961, that plaintiff was entitled to a period of disability insurance benefits beginning in November, 1960, as a result of epileptic seizures.

On August 31, 1961, plaintiff and her husband were indicted by a federal grand jury on five (5) counts of violating the Internal Revenue laws as they pertained to the non-payment of tax on the manufacture of whiskey. On November 29, 1961, plaintiff was convicted by a jury on count one and sentenced to four (4) months in prison.

In January, 1962, plaintiff received a check for $1,022.00 for accumulated benefits; then four (4) more checks of $73.00 each.

A determination was made on August 19, 1963, that plaintiff had not been under a disability as defined by the Act at any time she received benefits, and the prior determination that declared plaintiff to be disabled was declared void. The basis of this new determination was the evidence of plaintiff engaging in the manufacture of illegal whiskey together with the absence of an epileptic seizure for the four (4) months plaintiff was in prison.

Plaintiff was notified of this new determination on October 21, 1963. She requested a hearing on this new determination. After a hearing, the hearing examiner rendered an opinion which held that plaintiff had not been under a disability so as to be precluded from engaging in substantial gainful activity. The basis of this decision also was that plaintiff had engaged in the manufacture of illegal whiskey and she did not have an epileptic seizure during four (4) months in prison. The hearing examiner found that plaintiff "was not without fault" in obtaining the benefits actually received, and that the payment of $1,-314.00 would have to be repaid.

A request for a review of the hearing examiner's decision was made, but this request was denied on May 27, 1964, and the hearing examiner's decision became the final decision of the Secretary. Having exhausted all administrative remedies, the plaintiff commenced this action for the aforementioned judicial review.

 The scope of review by this Court of a final decision of the Secretary of Health, Education and Welfare in actions brought under the disability provisions of the Social Security Act is limited to a consideration of the evidence of record to determine whether the decision of the Secretary is supported by substantial evidence. 42 U.S.C.A. § 405(g); Aaron v. Fleming (D.C., Ala., 1958), 168 F.Supp. 291; Hayes v. Celebrezze (5th Cir., 1963), 311 F.2d 648; Degner v. Celebrezze (7th Cir., 1963), 317 F.2d 819. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support the conclusion of the Secretary. Aaron v. Fleming, supra; Hayes v. Celebrezze, supra. Findings of the Secretary based on either conflicting evidence or conflicting inferences from the evidence may not be disturbed by this Court. Such conflicts are for the trier of fact, not this Court, to resolve. Degner v. Celebrezze, supra; Celebrezze v. Bolas (8th Cir., 1963), 316 F.2d 498.

██ The engaging in making illegal whiskey prior to plaintiff filing her application for a period of disability is not conclusive evidence that plaintiff could engage in substantial gainful activity. In the case of Flemming v. Booker (5th Cir., 1960), 283 F.2d 321, the court held that a finding that a plaintiff was totally disabled was justified even though the plaintiff performed light work while alleging a disability. The court recognized one may work to provide a livelihood even though not physically able to work. The record establishes clearly, and the Secretary thought so on the first determination, that plaintiff's physical condition precluded her from securing substantial

gainful employment. This is illustrated clearly by the following statement by Dr. Craddock:

"* * * I do know that she has been refused work by one large industry because of this condition and it would be dangerous for her to work in any situation where machinery was involved or where she would have to be alone such as baby sitting or cooking or any other available work, to my knowledge. In other words, in my opinion, she is totally and permanently disabled for any kind of remunerative work because of the danger of having a seizure and causing injury to herself or someone else and of course these seizures cannot be anticipated." (Tr. 192)

Plaintiff is married to a man that is unemployed and draws a monthly VA check of $58.00; and they have several dependent children. Therefore, after her disability caused her employment termination, the record establishes that someone somehow had to provide for the necessities for this family.

As Dr. Craddock said, most of the light work plaintiff could perform is not available to her because of the danger of having a seizure. Plaintiff is not a malingerer as so often is the case where a person's disability is denied. She is willing to work, but as the medical evidence in the record establishes no one wants to employ the plaintiff at a legitimate job in the capacity in which she can work because of her impairment.

The Secretary has not produced any new medical evidence to substantiate this decision which is now under review; rather he has procured the same medical evidence which established plaintiff was disabled previously, together with what he terms "to be a fair inference" that plaintiff was engaging in the manufacture of illegal whiskey, and the further fact of the absence of a seizure for four (4) months while plaintiff was in prison, to substantiate her lack of being disabled as defined by the Act.

■■ "Employment" in violation of law, such as engaging in the illegal liquor traffic, where there is no evidence of earnings showing that the "employment was a substantial gainful activity," should not be made the test in the application of the disability provisions of the Social Security Act to measure ability "to engage in any substantial gainful activity"; nor should work in prison be made the test of ability to work, or of employability, when, as here, the medical evidence establishes an "inability to engage in any substantial gainful activity by reason of * * * physical or mental impairment."

Plaintiff is not at "death's door," but the evidence clearly establishes that plaintiff's chances of obtaining lawful gainful employment are nil as long as there is a possibility that one of the seizures may occur.

There is no evidence in the record to support a finding that plaintiff is qualified or could find substantial gainful employment in which she would not be an employment hazard to herself or to her fellow workers. To illustrate: if plaintiff's sex did not eliminate her from securing employment as a night watcher, which is just about as light employment as one can locate, her physical condition surely would. A person having a seizure rendering him unconscious would be of no value as a guard or watchman regardless of the hazard to one's well being during the time of the seizure.

■ As the court said in Kerner v. Flemming (2 Cir., 1960), 283 F.2d 916:

"* * * mere theoretical ability to engage in substantial gainful activity is not enough if no reasonable opportunity therefor is available." 283 F. 2d at p. 921.

■ The evidence in the record that plaintiff has been seen driving a car may tend to raise a question that plaintiff could obtain employment as a driver of a vehicle for hire, but this is not even "theoretical" much less reasonable because no employer would be unwise

enough to place such a possible menace on the public highways.

■ Having carefully reviewed the decision of the Secretary, the record and the briefs submitted, this Court finds and concludes that the decision of the Secretary is not supported by substantial evidence, and that the proper legal standards were not employed by the Secretary in reaching the decision from which plaintiff appeals.