**Mary ESTEP, Plaintiff-Appellant,**

v.

**Elliot L. RICHARDSON, Secretary of Health, Education, and Welfare, Defendant-Appellee.**

No. 72-1188.

United States Court of Appeals, Sixth Circuit.

Aug. 10, 1972.

Frank J. Neff, Barkan, Barkan, & Neff, Columbus, Ohio, for plaintiff-appellant; Irwin W. Barkan, Columbus, Ohio, on brief.

Michael Kimmel, Dept. of Justice, Civil Div., Washington, D. C., for defendant-appellee; L. Patrick Gray, Asst. Atty. Gen., Kathryn H. Baldwin, Dept. of Justice, Washington, D. C., William J. Milligan, U. S. Atty., Columbus, Ohio, on brief.

Before EDWARDS, McCREE and MILLER, Circuit Judges.

PER CURIAM.

This is an appeal from a District Court order affirming a decision of the Secretary of Health, Education and Welfare which denied appellant disability benefits under sections 216(i) and 223 of the Social Security Act, 42 U.S.C. §§ 416(i), 423. The decision of the District Court upholding the denial of benefits is hereby affirmed for reasons stated in its memorandum opinion and order filed November 23, 1971. However, we

remand the case for consideration of appellant's motion for an order remanding the case to the Secretary for a rehearing.

The court reviewed the Secretary's denial of benefits pursuant to section 205(g) of the Act, 42 U.S.C. § 405(g):

> Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow. * * * The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing. The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive * * *.

Both parties moved for summary judgment below, and the court filed a memorandum opinion and order denying appellant's motion and granting appellee's motion. However, the court's opinion does not discuss or explicitly rule upon appellant's request that the court enter

> summary judgment for remand of this case for further hearing before the Department of Health, Education & Welfare on the ground that without ruling on whether there is an abuse of discretion, the plaintiff should have been allowed to introduce evidence, medical evidence, of other disabling conditions.

Although this motion is not clearly stated, it is clear that appellant sought an order remanding the case to the Secretary for further consideration. Since appellant filed a medical report in the District Court which apparently is material to his disability claim, the District Court may decide to remand the case to

the Secretary for rehearing in the light of the new evidence. *See* Carnevale v. Gardner, 393 F.2d 889, 891 n. 1 (2d Cir. 1968).

The District Court's judgment upholding the denial of benefits is affirmed, and the case is remanded to that court with instructions to consider appellant's motion to remand to the Secretary for reconsideration.

Affirmed and remanded.