Celina Rodriguez **QUIÑONEZ**, Plaintiff,

v.

Elliot **RICHARDSON**, Secretary of Health, Education and Welfare, Defendant.

Civ. No. 355–71.

United States District Court, D. Puerto Rico.

March 15, 1973.

Ernesto A. Melendez Perez, Santurce, P. R., for plaintiff.

Julio Morales Sañchez, U. S. Atty., San Juan, P. R., for defendant.

## ORDER

TOLEDO, District Judge.

The claimant herein filed an application for disability insurance benefits under the Social Security Act (hereinafter the Act), Title 42, United States Code, Section 423(a), on August 21, 1963, alleging that she became disabled in December of 1962. The request was denied in a final manner in January of 1965.

A subsequent application was filed on June 25, 1965 and it was denied on October 4, 1965.

A third application was filed on March 3, 1969. It was denied initially on May 5, 1969, and on reconsideration on January 12, 1970.

A fourth application was filed on April 9, 1970 and was denied on April 24, 1970. While this application was not taken any further, a timely request for a hearing regarding the third application was submitted on April 23, 1970. As Social Security Regulations preclude our entering into a determination as to this claimant's health picture prior to October of 1965 when her second application was denied in a final manner, 20 C.F.R. 404.937, we are limited herein to determining whether the Secretary's decision regarding claimant's application filed March 3, 1969, and which finds that said claimant is not "disabled", as this term is described in the Act, Title 42, United States Code, Section 423, from 1965 to December 1967, which is the last date this claimant was insured under the Act, Title 42, United States Code, Section 416(i), is supported by substantial evidence in the record, Title 42, United States Code, Section 405(g).

From the record it appears that this claimant's afflictions have stemmed principally from the aftereffects of what appears to be a successful operation for carcinoma of the uteres (Tr. 159–165), and a mental condition which doctors have diagnosed as caused by a hypothyroid condition.

While we agree that the hearing examiner's decision regarding the claimant's illness relating to her carcinoma of the utres is reasonable and should not be disturbed by this Court, Richardson v. Perales, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971), we must, judging from the lack of enough medical information on record, take a more reserved stance regarding his decision as to this claimant's mental and hypothyroid condition from 1965–1967.

The hearing examiner who denied this claimant's Social Security application back in 1965 was of the opinion that her hypothyroid condition, which "undoubtedly accounts for most of her present complaints", could be cured by modern drugs such as Cytomel (Tr. 102). The medical record shows, however, that this claimant has been taking Cytomel for several years and still suffers from hypothyroidism (Tr. 160–165).

The hearing examiner involved in the current application is of the opinion that this claimant's hypothyroid condition is not severe enough to preclude sedentary work as a sewing machine operator, which claimant did before and which does not require heavy exertion proscribed by Dr. Rivera Aulet (Tr. 180). The hearing examiner then goes on to say that the medical evidence seems to indicate that this claimant has completely recovered from her psychiatric problems (Tr. 17).

Assuming that this claimant's mental inbalances stem from her hypothyroid condition (Tr. 118), which does not seem to have improved over the years (Tr. 160–165), then it certainly seems probable that her mental condition, which prior to 1965 was described as "a mild depressive reaction", had deteriorated to such an extent after this date and prior to 1967, so as to preclude the realization by this claimant of "substantial gainful activity" as this term is described in the Act, Title 42, United States Code, Section 423(d)(1).

We realize that the claimant has the burden of showing physical or mental impairment by objective data obtained through medically acceptable clinical and laboratory techniques, Reyes Robles v. Finch, 409 F.2d 84 (1 Cir. 1969). Nevertheless, this claimant testified at the 1970 hearing that she suffered from a host of afflictions including absence of memory and loss of consciousness. Claimant's sister-in-law also testified at this hearing and, upon questioning by the hearing examiner, stated that the claimant's spells of unconsciousness have increased over the years. Add to this type of self-serving testimony recent medical reports which describe this claimant's mental condition as: 1) Borderline Psychoses (Tr. 182) and as 2) "bad, continues with the symptoms and does not respond to treatment as wish-

ed", and you have a picture of a mental disorder which may very well have become severe enough by 1965 so as to preclude this claimant from engaging in any "substantial gainful activity" as this term is described in the Act (supra). Schmidt v. Secretary of Health, Education and Welfare, 299 F.Supp. 1315 (D. C.1969).

We are not, at this point, going to take the medical evidence on record and substitute our decision concerning this claimant's mental condition for the decision rendered by the hearing examiner. Hernández v. U. S. Secretary of Health, Education and Welfare, 307 F.Supp. 338 (D.C.1969).

 We do feel, however, that as the Social Security Act, is essentially remedial in nature, Hayes v. Celebrezze, 311 F.2d 648 (5 Cir. 1963), the trial examiner should make a conscientious and thorough investigation into all the ailments alleged by the claimant. Alice Berta Pagan v. Secretary of Health, Education and Welfare, Civil No. 593–71, decided December 13, 1972. It is no satisfactory argument to say the claimant did not produce all the possible evidence in her own behalf. Crowder v. Gardner, 249 F.Supp. 678 (D.C.1966).

From the record it appears this claimant was a patient at the mental institution in Puerto Rico during the time she qualified for disability benefits under the Social Security Act (Tr. 178). We find, however, no medical reports on record from this institution. If such records do exist we feel the Secretary should have taken them into consideration so as to render a more substantial decision regarding this claimant's mental condition during the critical period of 1965–1967. A psychiatric report using the aforementioned records as reference might also be carried out in order that a decision based on a more appropriate amount of medical evidence may be rendered.

In view of the foregoing, we remand this case back to the Secretary so that more medical evidence taken from 1965–1967 concerning this claimant's mental condition during this period may be collected if it exists, and if so, that additional medical reports using the aforementioned reports as a base be furnished so that the Secretary can, if possible, render his decision on this matter based on a more substantial amount of evidence.

It is so ordered.