**Grady C. KELLEY, Plaintiff,**

v.

**Casper WEINBERGER, Secretary, Department of Health, Education and Welfare, Defendant.**

**No. 73 H 241.**

United States District Court,
N. D. Indiana,
Hammond Division.

May 17, 1974.

David P. Matsey, Asst. Gen. Counsel, Legal Aid Society of Gary, Inc., Gary, Ind., for plaintiff.

Joseph S. Van Bokkelen, Asst. U. S. Atty., Hammond, Ind., for defendant.

## MEMORANDUM OPINION

ALLEN SHARP, District Judge.

This is an action under Section 205(g) of the Social Security Act, 42 U. S.C. § 405(g) to review a final decision of the Secretary denying the plaintiff's application for the establishment of a period of disability under Section 216(i) of the Social Security Act, 42 U.S.C. § 416(i) and for disability insurance benefits as provided in Section 223 of the Social Security Act, 42 U.S.C. § 423.

On April 3, 1974 the defendant filed its motion for summary judgment supported by an extensive memorandum of authority and on May 1, 1974 the plaintiff filed his motion for summary judgment supported also by an extensive memorandum of authority.

The administrative proceedings in this case were concluded as provided by law on June 26, 1973 when the Appeals Council denied the plaintiff's request for review. This action for judicial review was commenced thereafter on October 12, 1973.

The definition of disability is found in §§ 216(i)(1) and 223(d)(1) of the Act, 42 U.S.C.A. §§ 416(i)(1) and 423(d)(1). Disability means:

"the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which * * * can be expected to last for a continu-

ous period of not less than 12 months." 42 U.S.C.A. § 423(d)(1)(A)

■ In determining whether or not an individual is disabled the Secretary must consider his age, education, work experience and the severity of his physical or mental impairments. Section 223(d)(2)(A) of the Act, 42 U.S.C.A. § 423(d)(2)(A).

The issue before this court is whether or not the final decision of the defendant Secretary is supported by substantial evidence.

The plaintiff was born in Alabama on May 26, 1922, and is presently Fifty-one (51) years of age. At the time of the administrative hearing he was residing at 1121 Wright Street, Gary, Indiana. He testified that the highest grade of education he completed in Alabama was the ninth grade.

His first job after leaving school was putting powder into shells in a powder plant in Talladega, Alabama. He was transferred to another powder plant in Childersburg, Alabama, where he again was a laborer. He left that job in December, 1942, and joined the U. S. Army for three years. He was an infantry rifleman and was honorably discharged with the rank of PFC. After his Army discharge he farmed for one year in Harpersville, Alabama, and then moved to Birmingham, Alabama, where he worked labor in a pipe factory. He left Alabama and moved to Gary, Indiana in 1952. He worked as a cabbage punch press operator for General American for approximately 4½ years. He then found work with U. S. Steel in Gary, and remained there until he suffered a back injury in May, 1971. He was retired from U. S. Steel on a permanent disability pension of $138.72 per month.

The medical record indicates that he was hospitalized at Hines Veterans Hospital from May 6, 1971 to May 24, 1971 with a diagnosis of a spasm of the lumbar paravertebral muscles and mild tenderness at vertebrae L4, L5 and S1. He was treated conservatively and discharged subject to follow-up care.

The outpatient clinic reported on June 6, 1971, that the plaintiff still had pain, that there was no sensory change, and that though the plaintiff felt better he was still walking with a cane. Subsequent visits showed improvements. Since February 17, 1972, the plaintiff has been treated by Dr. William Mott, a Board Certified Orthopedic specialist. In a report dated May 26, 1972, Dr. Mott diagnosed the plaintiff's condition as a degenerative disc disease of the lumbar spine. In another report dated February 13, 1973, Dr. Mott found the plaintiff to be totally disabled. His diagnosis was now severe degenerated joint disease and disc disease L3–4, L4–5, and L5–S1. He found ebernation and atrophy formation about the L5–S1 vertebral joints, the L3–4, L4–5, and L5–S1 vertebral joints. He further found marked narrowing of the disc spaces at L4–5 and L5–S1. There was also found asymmetry of the facet joints of L5–S1 with marked sclerosis being present.

The claimant testified that he was suffering pain in the lower part of his back which ran down his left leg causing weakness and numbness in his left leg, left arm and the end of his fingers. He also said he suffers severe headaches for which he is taking medication every day. He further testified that he was no longer physically able to drive an automobile.

Mr. Irvin Lichtenstein, a vocational expert, was called to testify for the Social Security Administration. He testified that the plaintiff, if he suffered from a severe degenerative joint and disc disease, could not return to his former employment. He then found that the plaintiff had some transferable skills and listed several jobs he thought the plaintiff could perform.

One of the salient features of the record in this case is the fact that the plaintiff's medical testimony stands before the Secretary and was before the Administrative Law Judge without dispute. There was no medical testimony offered on behalf of the defendant Secretary.

■■ It is correct that the burden is on the plaintiff to establish the existence of his disability. See Kutchman v. Cohen, 425 F.2d 20 (7th Cir. 1970). Judicial review is concerned only with whether the findings of the Secretary are supported by substantial evidence and whether legally correct administrative procedures were followed.

Another salient feature of the record in this case is the fact that the plaintiff-claimant was represented at the administrative hearing only by a non-lawyer union representative. It is apparent from the record that said representative was present for the primary purpose of holding the claimant's hand and not for the purpose of engaging in any meaningful and effective type of advocacy for this claimant.

It is correct that it is this court's duty to examine the entire record to ascertain if the decision was supported by substantial evidence and if any legal error was committed. The Supreme Court of the United States in Richardson v. Perales, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1972), defined substantial evidence as:

"more than a mere scintilla. It means such relevant evidence as a reasonable mind might expect as adequate to support a conclusion." 91 S.Ct. at 1427.

■ There are many cited cases for the proposition that four elements of proof must be considered by the Secretary in determining whether the claimant is disabled under the Social Security Act. These elements are:

(a) Objective medical facts or clinical findings.

(b) Diagnosis of examining physicians.

(c) Subjective evidence of pain and disability as testified to by the claimant and as observed by others.

(d) The claimant's age, education and work history.

These elements must also be considered in their interrelationship with each oth-er. See DePaepe v. Richardson, 464 F.2d 92 (5th Cir. 1972), and Underwood v. Ribicoff, 298 F.2d 850 (1st Cir. 1962).

In this case the evidence with regard to (a), (b) and (c) stand before the Secretary without dispute. There is very little dispute as to the claimant's age, education and work history.

■ There can be no doubt that symptoms real to the claimant though unaccompanied by objective medical data may support a claim for disability benefits. Bittel v. Richardson, 441 F.2d 1193 (3rd Cir. 1971), and Ber v. Celebrezze, 332 F.2d 293 (2d Cir. 1964).

The Administrative Law Judge, did, indeed, find that the plaintiff may suffer some discomfort even though the plaintiff testified that he had pain in the lower part of his back which runs down his left leg causing his left leg to give away. He also testified as to numbness in his left leg, left arm and fingers. He also testified that he felt nervous and had painful headaches. He also testified that he could no longer drive an automobile because his legs and hands became numb and he could not feel the steering wheel. He also testified that his lack of leg control caused him to at times fall down when he moved from a sitting position to a standing position. This numbness was totally ignored by the Administrative Law Judge.

The facts also disclose that the plaintiff is 51 years of age, has a 9th grade education, is not particularly trained or skilled in any particular field, had a fairly long period of employment at United States Steel until his accident forced his retirement.

■■ There are two steps necessary for the finding of disability by the Secretary. The first is a finding of a medically determinable physical or mental impairment and the second is a finding that the impairment in fact causes an inability to engage in any substantial gainful activity. See Thomas v. Celebrezze, 331 F.2d 541 (4th Cir. 1964), and Whittier v. Gardner, 263 F.Supp.

670 (D.C.Me.1967). The first step is an objective standard. The second test is a subjective standard. Although a medically determinable impairment must be found to exist in determining the effect of the impairment on the claimant, the emphasis on the individual requires consideration of subjective reactions. See Whittier v. Gardner, 263 F.Supp. at page 675, and Dvorak v. Celebrezze, 345 F.2d 894, at page 895.

 The pain and numbness experienced by the plaintiff-claimant in this case must receive special consideration because there does exist objective observable symptoms real and verified by an orthopedic specialist.

 It is fundamental that the plaintiff-claimant has the burden of proving that his physical impairment is of such severity to render him disabled as defined in the Social Security Act. See Kutchman v. Cohen, *supra.* It is equally clear that the Secretary has the duty to insure that the actions of the Social Security Administration are fair and thorough. See Quinonez v. Richardson, 357 F.Supp. 420 (D.C.P.R.1973); Sale v. Celebrezze, 210 F.Supp. 836 (D. C.Ind.1962); and Garrett v. Richardson, 363 F.Supp. 83 (D.C.S.C.1973).

For a recent summation and application of these principles by this court see Webb v. Weinberger (D.C.N. D.Ind.1974), 371 F.Supp. 793. The Administrative Law Judge should make a conscientious and thorough investigation into all of the ailments alleged by the claimant. Quinonez v. Richardson, 353 F.Supp. at page 422. It is the Secretary's duty to fully and fairly develop the facts even if the claimant is represented by counsel at the hearing stage and beyond. See Garrett v. Richardson, *supra.*

It also appears that the findings of the Administrative Law Judge ignore many areas of evidence with regard to the claimant's subjective complaints. Despite the testimony of the plaintiff with regard to subjective complaints no testimony was elicited from the claimant concerning his daily activities and how he was able to get around his home and perform housekeeping duties. No evidence was presented concerning the plaintiff's ability to lift, stoop, stand, or walk, with or without pain. The Administrative Law Judge, based on the hypothetical testimony of the vocational expert brought to the hearing by the Secretary, was able to conclude that the plaintiff was able to perform lighter work involving a normal amount of use of his hands and arms. The plaintiff, however, testified that he often experienced numbness of the left arm at the end of his fingers. His lack of feeling in his hands caused him to quit driving an automobile. It appears that these subjective ailments were ignored by the Secretary and by the Administrative Law Judge.

 It is well established that whenever a disability claimant has established a prima facie case that he or she can no longer perform his or her former employment the burden of proof shifts to the Secretary to present evidence that the claimant can engage in substantial, gainful employment and that such employment is reasonably available in the national economy. See Kerner v. Flemming, 283 F.2d 916 (2d Cir. 1960); Ratliff v. Celebrezze, 338 F.2d 978 (6th Cir. 1964); Lamar v. Celebrezze, 354 F.2d 645 (7th Cir. 1965); and Paul v. Ribicoff, 206 F.Supp. 606 (D.C.D.C.1965). See also 22 A.L.R.3d 440 (1968).

 It is this line of cases that has brought about the use by vocational experts employed by the Secretary to testify on behalf of the Secretary. The vocational expert in this case examined the exhibits in the case and heard the testimony of the claimant. The vocational expert testified that if the claimant was suffering from a severe degenerative joint disc disease he could no longer perform his former job. There is absolutely no dispute that the claimant is in fact suffering from a severe degenerative joint and disc disease. The vocational expert also testified that the claimant

had transferable skills and aptitudes. Hypothetical questions which contained proposed assumptions were concerned only with his medical ailments and nothing concerning his subjective ailments, such as pain and numbness. These hypothetical questions contained nothing concerning the claimant's age, education and employment history. All of these subjective factors are essential to any determination of inability to perform actual substantial gainful employment. The Administrative Law Judge and the vocational expert apparently limited their consideration to objective medical ailments. In doing so they applied the wrong and limited standards when they concluded from that limited area of evidence that the plaintiff could perform substantial gainful activity. It is in this crucial and sensitive area that this claimant-plaintiff was greatly in need of a competent counsel-advocate to pursue this matter and to make a proper record. Unfortunately he had no such advocate available to him.

In addition, the vocational expert found that the claimant was intelligent and was capable of learning a variety of things. Yet he failed to mention the fact that the claimant had only a 9th grade education, was 50 years of age and had no special training for specialized skills. It is the burden of the Secretary to determine that jobs are actually and not merely theoretically available to this claimant considering his age, educational level, work experience and his total medical circumstance, including his subjective symptomatology. At best the record in this case is incomplete. At worst, the Administrative Law Judge and the vocational expert applied the wrong standard.

It is evident that the vocational expert ignored the subjective ailments of this plaintiff and ignored the testimony regarding numbness which is a subjective item tending to prove inability to work. This limited application of the standard constitutes legal error in the opinion of this court.

The vocational expert stated that the plaintiff's handicap was "one of the most difficult handicaps to get industry to hire for". It is unclear from this statement whether there was a specific finding that real jobs, not theoretical ones, are actually available in the national economy to *this* claimant. This standard is mandated by Kerner v. Flemming; Hammonds v. Celebrezze, 260 F.Supp. 992 (N.D.Ala.1965); and Hodgson v. Celebrezze, 357 F.2d 750 (3d Cir. 1966).

This court holds and finds that the medical evidence and the claimant's own evidence with regard to his medical condition, all of which stood before the Administrative Law Judge undisputed, constituted a prima facie case of disability. The burden thus shifted to the Secretary to make a clear record that actual jobs were actually available to this claimant. The evidence is, at best, incomplete and inconclusive on this subject.

This court is very concerned about the quality of representation, or the lack of it, which this claimant received before the Secretary and the Administrative Law Judge. The mere failure of a disability claimant to be represented by an attorney at a Social Security hearing is not in itself sufficient to warrant reversal or remand of an adverse administrative hearing. See Truss v. Richardson, 338 F.Supp. 741 (D.C.Mich.1971). However, the importance of counsel in the administrative context, has been recently emphasized by the Supreme Court of the United States in Goldberg v. Kelly, 397 U.S. 254, 270, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970). Several courts have also reversed and remanded cases involving absence of counsel where other factors were present in the records. See Gold v. Secretary of Health, Education and Welfare, 463 F.2d 38 (2d Cir. 1972); Webb v. Finch, 431 F.2d 1179 (6th Cir. 1970); Estep v. Richardson, 465 F.2d 969 (6th Cir. 1972); Alamo v. Richardson, 355 F. Supp. 314 (D.C.P.R.1972); and Roman v. Secretary, HEW, 355 F.Supp. 646

**1344**

(D.C.P.R.1972). There is also authority which holds that when a claimant is represented by counsel who is incompetent, that ineffective counsel may form the basis for a remand. See Arms v. Gardner, 353 F.2d 197 (6th Cir. 1965). This court has already found and determined that this claimant was represented by an ineffective advocate before the Administrative Law Judge. To be specific there was a failure to develop evidence concerning the claimant's difficulty in performing his daily activities. There was a failure to object to hypothetical questions and answers on the part of the vocational expert on the grounds that they failed to take into account this claimant's age, education, work experience, and subjective symptomatology. There was a failure to make a proper record on the subject of the transferable skills of this claimant in the directions of the suggested new jobs, on the basis that it was unclear whether or not any of the proposed jobs mentioned by the vocational expert are really available in view of his statement that an individual with the claimant's ailments are the most difficult to place.

 This court has broad authority in regard to the fashioning of a remedy in this case. This court finds that this case should be reversed and remanded for a hearing in which this claimant is represented by competent lawyer counsel. This court knows that this claimant is presently represented by such counsel. The Secretary is hereby mandated to hold an evidentiary hearing before an Administrative Law Judge on the subject of whether or not jobs are really available to this claimant. This claimant and his counsel shall have an opportunity to cross-examine the witnesses of the Secretary, including but not limited to any vocational expert on this subject. This claimant shall have the opportunity to submit any and all evidence on this subject. The Administrative Law Judge shall make specific findings and conclusions on the subject of whether there are jobs available to this claimant in his present condition.

(This court has heretofore found that the medical evidence in this case presents a prima facie case of disability and that subject is not one which is open for dispute on remand of this case. It is the intention of this court that the hearing on remand be limited to the availability of jobs in the national economy to this claimant.)

This court finds that the decision of the Secretary in this case was based on only a part of the record. See Forbes v. Finch, 307 F.Supp. 1000 (D.C.Tenn.1969). It is not the proper province of the Secretary or the Administrative Law Judge to pick and choose from the evidence that which supports its decision and ignore other competent probative evidence in the record. It appears that happened in this case.

In accord with the foregoing the court finds that this case should be and hereby is reversed and remanded for the above described evidentiary hearing and findings.