Albert HUFFER, Plaintiff,

v.

Margaret HECKLER, Secretary of Health and Human Services, Defendant.

No. C–1–83–329.

United States District Court, S.D. Ohio, W.D.

Aug. 17, 1984.

E. Jeffrey Casper, Middletown, Ohio, for plaintiff.

Joseph E. Kane, Asst. U.S. Atty., Columbus, Ohio, for defendant.

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

SPIEGEL, District Judge.

This matter came on for consideration of plaintiff's motion to remand (doc. 8), to which the Secretary has not responded. Plaintiff seeks a remand in order to present to the Social Security Administration (SSA) new additional evidence concerning his present physical condition. Plaintiff has attached such medical evidence to his motion to remand.

In the instant case, the plaintiff initially applied for a period of disability and disability benefits on November 22, 1976, alleging a disability as of June 25, 1976 (tr. 62). This application was denied both initially (tr. 66), and upon reconsideration (tr. 69). Following the hearing before an Administrative Law Judge (ALJ), plaintiff was granted benefits in an order dated December 12, 1977 (tr. 145). Said order established a period of disability beginning June 25, 1976. However, in June of 1982 plaintiff was advised that his disability benefits would cease as his disability had ceased as of April 1982 (tr. 157). This decision to terminate plaintiff's benefits was affirmed on reconsideration (tr. 155–56). Thereafter, an ALJ conducted a hearing on November 1, 1982 at which plaintiff was present and represented by counsel. Following that hearing, the ALJ concluded, in an order dated December 7, 1982 (tr. 5–16), that the plaintiff was not disabled and consequently the ALJ denied benefits. The ALJ's decision became the final decision of the SSA when the Appeals Council declined review in a notice dated February 14, 1983 (tr. 2).

The applicable statutory provision, 42 U.S.C. § 405(g), provides that the Court may "for good cause shown" remand a case to the Secretary "but only upon a showing that there is new evidence which is material." This provision was enacted in 1980 as one of the Social Security disability amendments of 1980. Prior to 1980 the applicable statute did not contain language governing the standard to be applied where a remand was sought. Nevertheless, in a case decided prior to this amendment the Sixth Circuit stated:

> Since appellant filed a medical record in the District Court which apparently is material to his disability claim, the District Court may decide to remand the case to the Secretary for rehearing in the light of new evidence.

*Estep v. Richardson*, 465 F.2d 969, 970 (6th Cir.1972). Based on this language, we conclude that the Sixth Circuit adopted the test of materiality prior to the 1980 amendment. In any event, the language of the amendment clearly requires the party seeking the remand to produce such material evidence.

In a case construing the 1980 amendment the Fifth Circuit has stated that the materiality requirement is important, holding that the new evidence offered in support of the remand must be both relevant and probative. *Chaney v. Schweiker*, 659 F.2d 676, 679 (5th Cir.1981). *See also Ward v. Schweiker*, 686 F.2d 762, 764 (9th Cir.1982), in which the court stated that the new evidence offered in support of the motion for remand "must bear directly and substantially on the matter in dispute." However, there is a split in authority concerning the operational standard of materiality. *Chaney* and subsequent Fifth Circuit authority hold that remand is not justified unless there is a reasonable possibility that the consideration of the new evidence would have changed the administrative determination. *See Dorsey v. Heckler*, 702 F.2d 597 (5th Cir.1983). The reasonable possibility standard was also recently adopted by the Ninth Circuit in *Booz v. Secretary of Health and Human Services*, 734 F.2d 1378, 1380–81 (9th Cir.1984). Other courts have adopted a stricter standard, holding that remand is inappropriate unless the new evidence offered would be reasonably likely to have produced a different administrative result. *See Cagle v. Califano*, 638 F.2d 219 (10th Cir.1981); *King v. Califano*, 599 F.2d 597 (4th Cir.1979).

■ After reviewing the pertinent authority, we are persuaded by the sound

**628**

reasoning of the Ninth Circuit in *Booz*, 734 F.2d 1378. There, the court rejected the reasonable likelihood standard, likening it to the standard for relief from judgment under Rule 60(b) and concluding that a lesser standard is adequate protection for the finality of administrative proceedings. *Id.* at 1381. Furthermore, the Court noted that the Social Security Act is remedial legislation and as such, should be liberally construed. *Id.* Such liberal construction of the Social Security Act has long been deemed appropriate in this Circuit as well. *See McKentry v. Secretary of HHS*, 655 F.2d 721, 724 (6th Cir.1981); *Walston v. Gardner*, 381 F.2d 580 (6th Cir.1967). With this frame of mind, and for the reasons articulated in *Booz*, 734 F.2d 1378, we conclude that remand to the SSA for consideration of new evidence is appropriate where there is a reasonable possibility that consideration of the offered evidence would have resulted in a different determination.

In the instant case, plaintiff's period of disability was based upon two lower back operations following a history of back pain since 1973 (tr. 147). The record reflects that on July 8, 1976 plaintiff underwent a posterior laminectomy at L5–S1 (*id* ). The record also reflects that in late March or early April 1977 plaintiff underwent a posterior laminectomy and decompression of the L5–S1 nerve root with a fusion of the L4 to the sacrum (*id.*). We note that while plaintiff also adverts to cataract removal operation in 1980 and a diabetic condition he became aware of recently (tr. 161), the record in its entirety conveys the clear impression that the severity of plaintiff's back condition is the central issue in dispute.

■ In light of the foregoing, we are of the opinion that the new evidence offered by the plaintiff is material to and bears directly and substantially on the severity of his back condition. We note that the new evidence offered by the plaintiff consists of hospital records from the Middletown Hospital Association documenting the plaintiff's back surgery of April 10, 1984. The records indicate on that date plaintiff un-

derwent a posterior laminectomy and decompression of the L3 to the sacrum, a posterior lateral fusion bilaterally from the L3 to the sacrum, foraminotomies of the L3–4, 4–5 and 5–1, diskectomies of the 4–5, 3–4 and 5–1 (doc. 8, exh. A). We note that this surgery occurred after the administrative proceedings had been concluded and, therefore, could not have been known by plaintiff at the time of such proceedings. Therefore, plaintiff has shown good cause why the offered evidence was not presented at the earlier proceedings.

■ Furthermore, we think it is beyond argument that the offered evidence indicates a reasonable possibility that the administrative determination would have been different had such evidence been considered. This is a termination case, in which the Secretary has the burden of showing substantial improvement in the plaintiff's condition before entering a finding that the plaintiff was no longer disabled. *Haynes v. Secretary of Health and Human Services*, 734 F.2d 284 (6th Cir. 1984). As the new evidence is, on its face at least, indicative of a chronic, deteriorating lower back condition, there is every reason to believe that the Secretary's consideration of this evidence may result in a finding of continued disability.

In accordance, with the foregoing, we conclude that in the interests of justice, for cause shown and pursuant to Rule 4.0.2 plaintiff's motion to remand for reconsideration of new evidence is hereby GRANTED.

SO ORDERED.