762 F.2d 1011
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
KATHLEEN STEINGRABER, PLAINTIFF-APPELLANT,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, DEFENDANT-APPELLEE.
 NO. 84-3348
 United States Court of Appeals, Sixth Circuit.
 3/26/85
 
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO
 Before: CONTIE and MILBURN, Circuit Judges; and PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Claimant Kathleen Steingraber appeals the order of the magistrate granting the Secretary's motion for summary judgment in claimant's action challenging the Secretary's denial of disability insurance benefits pursuant to 42 U.S.C. Sec. 423. For the reasons that follow, we remand the case for proceedings consistent with this opinion.
 
 
 2
 On April 6, 1981, claimant applied for disability insurance benefits. On May 20, 1981, the Secretary denied benefits on the ground that claimant could return to her prior work, and on September 9, denied reconsideration on the same ground. Claimant's application indicated that her job as a still controller consisted of monitoring flows, temperatures, and pressures from several panels of instruments. Claimant estimated that the job consisted of five hours of walking, one of sitting and two of standing and that bending and reaching were occasionally required but that lifting and carrying were never required. Claimant alleged that she cannot walk well or drive, that her right leg is very weak, and that she experiences numbness and pain.
 
 
 3
 A hearing was held before an administrative law judge on March 8, 1982. On July 30, 1982, the ALJ denied claimant's application for benefits, and on March 2, 1983, the Appeals Council denied claimant's request for review. Claimant initiated this action for review of the Secretary's decision, and on March 22, 1984, the magistrate granted the Secretary's motion for summary judgment.
 
 
 4
 On appeal, claimant proffers evidence that on February 5, 1985 she underwent a decompressive laminectomy. The ALJ indicated at claimant's hearing that whether claimant underwent this third back operation was relevant in his determination of the disability issue. The court 'may at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.' 42 U.S.C. Sec. 405(g). That evidence did not exist at the time of the administrative proceeding on claimant's application constitutes 'good cause' pursuant to Section 405(g). Huffer v. Heckler, 591 F. Supp. 626, 628 (S.D. Ohio 1984); Czubala v. Heckler, 574 F. Supp. 890, 901-02 (N.D. Ind. 1983). Evidence is 'material' if there is a reasonable possibility that the evidence would have changed the outcome of the administrative determination. Chaney v. Schweiker, 659 F.2d 676, 679 (5th Cir. 1981); Huffer, 591 F. Supp. at 628. In this case, 'good cause' exists since claimant underwent surgery subsequent to the administrative hearing. The 'materiality' requirement of Section 405(g) is satisfied by the ALJ's reference to the fact that whether claimant had the operation would likely affect his consideration of claimant's alleged disability. Therefore, the case should be remanded to the Secretary for consideration of this new evidence.
 
 
 5
 Accordingly, the case is REMANDED for proceedings consistent with this opinion.