**Charles D. GIVEN, Plaintiff,**

v.

**Caspar WEINBERGER, Secretary of Health, Education, and Welfare, Defendant.**

**Civ. A. No. 73-98.**

United States District Court, S. D. West Virginia, Charleston Division.

Aug. 9, 1974.

Richard G. Rundle, Pineville, W. Va., for plaintiff.

John A. Field, III, U. S. Atty., Charleston, W. Va., for defendant.

## MEMORANDUM ORDER

K. K. HALL, District Judge.

This is an action under Section 205(g) of the Social Security Act, 42 U. S.C.A., § 405(g), to review a final decision of the Secretary of Health, Education, and Welfare, which denied plaintiff's application for a period of disability and for disability insurance benefits under the provisions of the Act, as amended. The action is pending upon defendant's motion for summary judgment pursuant to Rule 56, Federal Rules of Civil Procedure.

Plaintiff, Charles D. Given, is 47 years old, married and the father of six children. One child, eleven years old, remains at home. Plaintiff completed one year of high school and obtained a GED equivalency certificate for a high school diploma while in the United States Army. Plaintiff is a World War II veteran. He served in the United States Army for two years (1945–1946) where he was assigned to the infantry and a construction battalion where he operated a bulldozer. His employment history consists of one year logging for a railroad, six years working in the powerhouse and tipple of a mine, two years manually dumping coal, one and one-half years working as a bricklayer's helper, two years driving a coal truck, and ten years working as a pipelayer and general laborer for a gas company. His duties at the gas company included mowing pipeline right-of-ways with a scythe.

Plaintiff ceased work on August 10, 1971, after a heart attack. He has not attempted to return to work on the advice of his physician. He does light

chores around the house, walks, on flat land, for about one-half mile each day, drives a motor vehicle 35–40 miles per week, and regularly attends the American Disabled Veterans meetings. In February, 1972, plaintiff began receiving a nonservice-connected VA pension which is his sole income.

Plaintiff claims he suffered two industrial injuries, one to his head and one to his right eye. Because of his injuries, plaintiff complains of trouble thinking and remembering, especially immediate recall and claims a slight impairment in the vision of his right eye.

Plaintiff meets the special insured status requirements of the Act through December 31, 1975 (Tr. 76). Therefore, plaintiff must establish that his disability began prior to March 27, 1973, the date the Secretary's decision became final. 42 U.S.C.A., §§ 423(b), 416(i)(2)(G).

The plaintiff filed an application to establish a period of disability and for disability insurance benefits on September 20, 1971. On February 17, 1972, the Bureau of Disability Insurance, Social Security Administration, notified the plaintiff that his application was denied. After he requested reconsideration of this denial, the plaintiff was notified on June 2, 1972, that the original denial was affirmed. The plaintiff then appealed from this denial by filing a request for hearing on June 26, 1972.

A hearing was held November 16, 1972, and a decision rendered January 10, 1973, which upheld the initial refusal of benefits. On March 27, 1973, the Appeals Council affirmed the Hearing Examiner's * decision and plaintiff appealed to this Court.

■ Plaintiff has the burden of proving his disability to the satisfaction of the Secretary under a two-fold test. First, there must must be a medically determinable physical or mental impairment which can be expected to result in

death or which has lasted or can be expected to last for a continuous period of not less than 12 months; and second, the impairment must be such as to render him unable to engage in substantial gainful activity. Hayes v. Gardner, 376 F.2d 517 (4th Cir. 1967). Substantial gainful activity is defined in the Regulations at 20 C.F.R. § 404.1532(b):

Substantial gainful activity refers to work activity that is both substantial and gainful. Substantial work activity involves the performance of significant physical or mental duties, or a combination of both, productive in nature. Gainful work activity is activity for remuneration or profit (or intended for profit, whether or not a profit is realized) to the individual performing it or to the persons, if any, for whom it is performed, or of a nature generally performed for remuneration or profit. In order for work activity to be substantial, it is not necessary that it be performed on a full-time basis; work activity performed on a part-time basis may also be substantial. It is immaterial that the work activity of an individual may be less, or less responsible, or less gainful, than that in which he was engaged before the onset of his impairment.

The Fourth Circuit in Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962), detailed the elements to be considered in determining whether there is substantial evidence to support the Secretary's decision:

(1) the objective medical facts, which are the clinical findings of treating or examining physicians divorced from their expert judgments or opinion as to the significance of these clinical findings, (2) the diagnoses, and expert medical opinions of the treating and examining physicians on subsidiary questions of fact, (3) the subjective evidence of pain and disability testified to by Claimant, and

---

* Hearing Examiners are now generally known and designated as Administrative Law Judges.

corroborated by his wife and his neighbors, (4) Claimant's educational background, work history, and present age.

The plaintiff has been found to be suffering from a right bundle branch block. Dr. Jack W. Hunter, plaintiff's treating physician, also diagnosed a coronary infarction (Tr. 110). Dr. T. M. Snyder, Chief Outpatient Service, Veterans Administration Hospital, Clarksburg, West Virginia, diagnosed a right bundle branch block with angina (Tr. 108). Dr. Richard G. Co, who examined the plaintiff at the request of the Secretary, diagnosed a complete right bundle branch block and a left anterior hemiblock (Tr. 114).

Dr. Hunter states that the plaintiff is disabled (Tr. 112). Dr. Snyder and Dr. Co do not state any opinion as to the plaintiff's disability. Dr. Co, while not substantiating claims of organic heart disease, strongly recommended additional tests based upon the plaintiff's age and abnormal electrocardiogram. The professional opinion of Dr. Hunter, plaintiff's treating physician, is uncontradicted on the record by any other physician and as such, while it is not binding on the Secretary, it is to be accorded substantial weight. Vitek v. Finch, 438 F.2d 1157 (4th Cir. 1971). This is especially so when the findings of the Secretary's doctor are negative not positive. Dr. Co did not rule out any of Dr. Hunter's diagnoses—he simply could not prove them.

Although the Administrative Law Judge did not interrogate the plaintiff about any pain he might be suffering, the record is replete with evidence of the plaintiff's discomfort. The plaintiff complained of chest pain upon exertion and at rest. Physical exertion triggered chest pains (Tr. 102, 108, 111, 112, 113). Furthermore, the plaintiff testified that he has been taking either Isordil or Peritrate since his heart attack (Tr. 52). Isordil and Peritrate are cardiovascular dilators which are used to relieve some of the discomfort which accompanies Angina Pectoris. The fact that the plaintiff has been taking these medications over an extended period of time indicates the presence of pain.

The plaintiff also complains of difficulty thinking and remembering. This problem was allegedly caused by an industrial accident in which the plaintiff was struck in the head. The plaintiff's wife corroborated the plaintiff's testimony and stated that he had a hole in the back of his head which "ran" for over one month (Tr. 56). She also testified to her husband's aberrant behavior after the accident (Tr. 57–62).

The plaintiff quit high school during his second year and went to work logging for a railroad. Later, he took and passed the GED high school diploma equivalency examination while serving in the United States Army. The plaintiff's total work history of twenty-three and one-half years, twenty-five and one-half years including his military service, is a succession of jobs requiring hard labor. None of his past employment save truck driver required any degree of training or skill. The skills the plaintiff has acquired in his past employment would not readily transfer to any other type of employment.

Mr. S. Thomas Serpento, a vocational expert, was present at the plaintiff's hearing on November 16, 1972. The following exchange took place between the Administrative Law Judge and Mr. Serpento:

Q Mr. Serpento, would you assume to begin with that the claimant suffers from a heart ailment described as right bundle branch block with a possible infarction. As the result he would be limited to performing light and sedentary work. In view of his age, education, and work history, is there any substantial gainful activity, in your opinion, that he could perform?

A May I ask you to restate, you said limited to light and sedentary work?

**154**

Q  He would be limited to performing light to sedentary work.

A  Based on your assumption, the claimant would be able to perform a variety of light and sedentary type jobs which exist in the Braxton County area. (Tr. 66–67).

The hypothetical question posed by the Administrative Law Judge is leading and assumes the matter in issue. The purpose of a vocational expert is to give the Administrative Law Judge an independent view of the plaintiff's ability to perform certain types of employment. Mr. Serpento should have been allowed to consider all the findings of the Administrative Law Judge set forth in his hypothetical question and come to an independent conclusion of the plaintiff's ability to perform light and sedentary work. Here, the record is clear that the vocational expert did not consider the evidence but merely named the jobs listed, in the plaintiff's area, as light and sedentary. The inclusion of light truck driver as suggested employment further demonstrates this fact. The evidence from the whole record is clear that the plaintiff is allowed to drive only short distances. His wife testified he was limited to driving around the house (Tr. 59) and the plaintiff in his medical history listed his doctor's admonition to drive only short distances (Tr. 89). Clearly, the plaintiff, who suffers attacks of angina, is not physically able to be a truck driver. Yet, truck driver was the suggested employment with the most numerous positions in the plaintiff's area (Tr. 69).

The Administrative Law Judge then asked and Mr. Serpento answered the following hypothetical question:

Q.  My next assumption would be to ask you to assume the claimant's entire symptomatology as described in the testimony you heard and, in view of his age, education, and work experience, again ask you the same question, in your opinion whether he could engage in any substantial gainful activity?

A.  Total testimony?

Q.  Yes, sir.

A.  The combined testimony, the claimant and his wife, it would be my opinion that he would have difficulty performing the jobs I have mentioned, though I have no medical evidence to support my statement based on this, particularly the claimant's wife. It was her testimony that it would be difficult for him to maintain concentrative and mental demands of these jobs. He might work a week or two, but I think he would have difficulty sustaining the—particularly the mental requirements, based on her testimony. (Tr. 69–70).

When Mr. Serpento considered the testimony and evidence as a whole, without the Administrative Law Judge's pre-determination that light and sedentary work was suitable, he concluded that the plaintiff would have difficulty performing these jobs, particularly based upon the wife's testimony.

█  The Court's function on review is narrow and specific. Section 205(g) of the Act, 42 U.S.C.A., § 405(g), prohibits a *de novo* proceeding and requires that the court uphold the Secretary's decision so long as it is supported by substantial evidence. Whiten v. Finch, 437 F.2d 73 (4th Cir. 1971). However, the courts must not abdicate their responsibility to give careful scrutiny to the record as a whole to determine if there is a sound foundation for the Secretary's decision. *Vitek, supra*; Thomas v. Celebrezze, 331 F.2d 541 (4th Cir. 1964).

█  A careful and thoughtful study of the entire record as a whole convinces this Court that the Secretary's decision is not based upon substantial evidence and for that reason may not be affirmed. While the claimant in disability cases has the initial burden of proof to demonstrate that he has the requisite disability and the period of disability, when, as here, that burden is satisfied, the burden shifts to the Secretary to demonstrate that substantial gainful employment exists, in the national econo-

my, for one so handicapped. 70 Am. Jur.2d, Social Security and Medicare, § 70 (1973); Annot., 22 A.L.R.3d 440 (1968). Here, the plaintiff has produced positive medical diagnoses based upon accepted medical tests and examinations that reveal a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

The only evidence upon the record which favors the Secretary is the medical report of Dr. Co and some portions of the vocational expert's testimony. Dr. Co does not make an affirmative finding based upon organic heart disease but does document certain heart irregularities and, because of the plaintiff's age and background, strongly recommends further diagnosis beyond that which he could accomplish during the time allotted for his examination. The Court concludes that Dr. Co's inconclusive medical findings may not logically outweigh the positive medical findings by Dr. Hunter who has treated the plaintiff continuously since his heart attack. The portions of the vocational expert's testimony which support the Secretary have already been discussed and are of questionable weight, especially considering the expert's opinion based upon the complete record.

■ The Court finds that when the objective medical facts provided by the physicians, supplemented by their subjective evaluations, and the subjective evidence of pain and disability found on the face of the record, in the plaintiff's testimony, and corroborated by his wife's testimony, are correlated with the plaintiff's background, work history, and present age, plaintiff is unable to engage in substantial gainful activity.

Additionally, while the plaintiff had attorney representation at his hearing, the record plainly discloses that the hearing was dominated by the Administrative Law Judge whose pre-judgment determinations seem manifest in procedures, interrogation, and presentation of witnesses. Such overriding factors taint due process and dissolve and dilute the quality and quantity of evidence so presented. The Court looks with disfavor on such developments. In judicial and administrative proceedings, where rights and claims are under consideration, the balances must be evenly adjusted. Here the overriding factors in the hearing undermine the concept of substantial evidence and warrant reversal of the Secretary's decision.

■ Since the Secretary's decision is not based on substantial evidence, the motion for summary judgment is denied. Further, since the substantial evidence convinces this Court that plaintiff is disabled within the meaning of the Act, and has established such disability by credible evidence, the plaintiff is granted a period of disability and disability benefits. Accordingly it is

Ordered that the defendant's motion for summary judgment be, and it is hereby, denied. Pursuant to Rule 56, Federal Rules of Civil Procedure, summary judgment is entered for the plaintiff and against defendant in accordance with his prayer for relief.