Clarence E. JOHNSON, Plaintiff,

v.

Caspar WEINBERGER, Secretary of Health, Education and Welfare, Defendant.

Civ. A. No. 74–C–19–L.

United States District Court,
W. D. Virginia,
Lynchburg Division.

Sept. 7, 1974.

**1112**

Mosby G. Perrow, III, Caskie, Frost, Davidson, Hobbs & Hamblen, Lynchburg, Va., for plaintiff.

Carr L. Kinder, Jr., Asst. U. S. Atty., Roanoke, Va., for defendant.

## OPINION AND JUDGMENT

DALTON, District Judge.

This action was brought by the claimant, Clarence E. Johnson, against the Secretary of Health, Education and Welfare, pursuant to § 205(g), to obtain judicial review of a final decision of the Secretary denying his application for disability insurance benefits under §§ 216(i) and 223 of the Act, 42 U.S.C. §§ 416(i) and 423.

■■ The standard of review in cases of this nature is prescribed in § 205(g) of the Act, 42 U.S.C. § 405(g), as follows: "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive." Under the law, the Secretary, not the courts, is charged with reconciling inconsistencies in the evidence. Thus if his findings are supported by substantial evidence, his decision must be upheld. E. g., Underwood v. Ribicoff, 298 F.2d 850 (4th Cir. 1962). The courts are not to try the case *de novo*, but are not to abdicate their required function to scrutinize the record as a whole to determine whether the conclusions reached are rational. Universal Camera Corp. v. NLRB, 340 U.S. 474, 71 S.Ct. 456, 95 L. Ed. 456 (1951); Thomas v. Celebrezze, 331 F.2d 541 (4th Cir. 1964).

The claimant filed an application for a period of disability and for disability insurance benefits on February 19, 1971. His primary complaints concern bronchitis and bronchial asthma, although he also complains about hypertension, deafness in his left ear and a swollen right ankle. The application was denied initially and on reconsideration by the Bureau of Disability Insurance of the Social Security Administration. Subsequently, an administrative law judge considered the case and on March 22, 1973 found that the complainant was not under a disability. The Appeals Counsel issued a decision on February 19, 1974, affirming the denial of claimant's application and this decision became the final decision of the Secretary.

Claimant has brought forth a motion for summary judgment asking this court to set aside the findings of the Secretary and order the Secretary to grant his application for disability insurance benefits as of the date of his application.

■ It is uncontradicted that: (1) the claimant met the special earnings requirements of the Act in July 1970, and he continues to meet these requirements, (2) the claimant has chronic bronchitis and asthma, and a hearing deficit in his left ear; and (3) the claimant's impairments preclude his return to his former occupations (dock workers at a truck terminal). Thus, the only issue is whether claimant has a residual capacity to perform a substantial gainful activity. Once the claimant has proved that his disability precluded the return to his former occupation, the burden shifts to the Secretary to demonstrate that there are jobs available in the local economy which claimant considering his age, past experience, and disability, is capable of performing. Hicks v. Gardner, 393 F.2d 299 (4th Cir. 1968).

■ Claimant is in his mid forties, has a fifth grade education, and has no vocational training. He was in the armed services from 1950–1952 and contacted pneumonia in 1950 and has been awarded a one-hundred percent disability by the Veteran's Administration due to bronchitis with bronchial asthma: "Due to present unemployability you will receive compensation at the rate of 100%." (Tr. 131). From 1952–1960 he worked for himself, cutting and selling

firewood for stoves. From 1960–1970 he did heavy manual labor loading and unloading trucks. He can no longer work at any job which demands walking, stooping, bending, lifting, carrying or which takes place in a dusty, damp, or fume-filled environment.

Dr. Donald G. Branson, claimant's physician, who examined claimant on ten occasions since December 13, 1971 (Tr. 182) stated:

> From the objective data accumulated, my physical examination and on rough clinical testing in the office, and my subjective examination and interpretation convinced me that Clarence E. Johnson is not fit for employment. (Tr. 175).

Dr. William H. Barney examined complainant on April 6, 1973 and described his condition as follows:

> It is my feeling that his patient has chronic obstructive pulmonary disease which is under fairly good control at the present time with the use of Prednisone, bronchial dilators, and antibiotics and rest. In view of his marked diminution of maximum voluntary ventilation, I think that he is totally disabled and that because of obstructive pulmonary disease will not be able to carry on any gainful occupation. (Tr. 185).

The claimant also approached the Commonwealth of Virginia's Department of Vocational Rehabilitation who responded to his inquiry for assistance on January 30, 1973:

> I do not feel that this man is capable of undertaking any type of assistance that we can offer at this time. (Tr. 177).

The Secretary declined to decide the case as the foregoing evidence indicated and instead relied upon the medical observations of Dr. Snowden C. Hall, Jr., who found that although the complainant has bronchial asthma and some degree of chronic bronchitis and is currently disabled from doing any heavy work, could nevertheless probably perform light work. (Tr. 155) The Secretary

also put great weight upon Dr. Earl A. Glosser, a vocational expert. Dr. Glosser stated that complainant could perform a variety of sedentary and light jobs. He suggested working in an entry level assembler, or parking garage, or as a ticket salesman. However, upon cross examination by plaintiff's counsel at the administrative hearing the following exchange was recorded: The plaintiff's attorney asked Dr. Glosser to assume that Mr. Johnson's testimony was accurate as to his shortness of breath and to evaluate upon this assumption the work he could perform; Dr. Glosser replied that he would have to rule out all of the work that he had suggested. (Tr. 106).

This court concludes that a fair reading of the record shows that this claimant is incapable of engaging in any substantial gainful activity by reason of his medical and physical impairments. The Secretary's decision is not supported by substantial evidence, rather the complainant's case is supported by substantial evidence. In evaluating the objective medical facts, the expert medical opinions, the subjective evidence of pain and disability, and claimant's age, educational background, and work history, this court concludes that the Secretary did not carry his burden of proving that the claimant could engage in substantial gainful activity. The opinion of Dr. Branson, the treating physician is entitled to great weight, Vitek v. Finch, 438 F.2d 1157 (4th Cir. 1971), and the Secretary must not disregard a determination by the Veteran's Administration that the applicant is permanently disabled, Besseck v. Finch, 342 F.Supp. 957 (W.D.Va.1972). The court comes to the conclusion that the Secretary, in this instance has not reached the correct conclusion and this court is empowered to, and indeed is duty bound, to reverse, and it is so ordered.

The court therefore finds that the claimant has been and will be unable to perform any substantial gainful activity by reason of medically determinable physical impairments of a permanent nature, and the record being barren of

substantial evidence to the contrary, this case is reversed and remanded to the Secretary of Education and Welfare with directions that the claimant be granted the period of disability insurance benefits to which he would have been entitled had his application of February 19, 1971, been approved.

The clerk is directed to send a certified copy of this opinion and judgment to counsel for the plaintiff and counsel for the defendant.