Catherine SHAVERS, Plaintiff,

v.

SECRETARY OF HEALTH, EDUCA-
TION AND WELFARE, Defendant.

Civ. A. No. 6–72249.

United States District Court,
E. D. Michigan, S. D.

Oct. 13, 1977.

Joseph Earl Jackson, Detroit, Mich., for plaintiff.

James K. Robinson, United States Atty. by L. Michael Wicks, Detroit, Mich., for defendant.

## OPINION

FEIKENS, District Judge.

This is an action for judicial review of a final decision of the defendant Secretary of Health, Education and Welfare denying plaintiff's application for disability insurance benefits under the Social Security Act; 42 U.S.C. § 423. Plaintiff and defendant have filed cross motions for summary judgment.

Title 42, U.S.C., section 405(g), which provides for judicial review in such cases, provides in part:

The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for rehearing.

It further provides that,

[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive  .   .  ..

Plaintiff, in her motion for summary judgment, urges the court to reverse or remand the case for three claimed reasons: 1) the Secretary's findings as to plaintiff's physical condition are not supported by substantial evidence, 2) the Secretary improperly took "administrative notice" of the existence of jobs that plaintiff could perform, and 3) the Secretary failed to consider additional medical evidence which the administrative law judge had indicated would be made a part of the record.

Because this action must be remanded to the Secretary for further evidentiary proceedings before the administrative law judge, it would be improper and unnecessary for the court to consider plaintiff's first claim on the present state of the record. After taking further evidence the Secretary may grant the application and render the issue moot. Further, should an additional appeal be brought in the event of an adverse decision, a more complete record will then be presented.

■ In this case the Secretary improperly took "administrative notice" or "official notice" of the existence of jobs that plaintiff can perform. The burden of proof of all of the requirements of disability rests initially upon the plaintiff, and she must establish her entitlement to disability benefits; *Bloch v. Richardson*, 438 F.2d 1181 (6th Cir.1971); *Ragan v. Finch*, 435 F.2d 239 (6th Cir.1970), *cert. denied*, 402 U.S. 986, 91 S.Ct. 1685, 29 L.Ed.2d 152 (1971). However, once plaintiff shows, as was done here, that she is unable to perform her former job because of her disability, the burden shifts to the Secretary to justify a finding that there exists some other gainful employment in which she is capable of engaging; *Garrett v. Finch*, 436 F.2d 15 (6th Cir.1970); *Goad v. Finch*, 426 F.2d 1388 (6th Cir.1970).

The purpose behind this rule, viewed in the context of the requirement of 42 U.S.C. § 405(g) that the court review the record for "substantial evidence," is defeated if, in a case of some complexity, the Secretary simply takes "notice" of the existence of jobs that a given plaintiff is capable of performing. Although a certain amount of added efficiency may be obtained by allowing an administrative law judge to take "administrative notice" of the availability of well-known jobs in the national or regional economy, and their suitability to the plaintiff's unique characteristics, the statutory mandate of 42 U.S.C. § 405(g) does not permit such a procedure in most cases; *cf. Bouffard v. Secretary of Health, Education and Welfare*, Civil Action No. 5–70426 (E.D. Mich.1975, Pratt, J.); *Williams v. Secretary of Health, Education and Welfare*, Civil Action No. 6–70926 (E.D.Mich.1977, Feikens, J.); *Hernandez v. Weinberger*, 493 F.2d 1120 (1st Cir.1974); *Selewich v. Finch*, 312 F.Supp. 191 (D.Mass.1969).[1] Further, the requirements of 42 U.S.C § 423(d)(2)(A) suggest congressional concern over the location and degree of availability of such jobs which would weigh against the use of "administrative notice" in all but the most obvious cases.

Finally, the differences between the provision of the Administrative Procedures Act, 5 U.S.C. § 101 *et seq.*, and those specifically designed for disability insurance cases contained in 42 U.S.C. § 405(g) suggests a legislative intent to avoid the use of notice. The Administrative Procedures Act specifically provides for the use of "administrative" or official notice,[2] while the Social Security Act does not. The provisions of the Administrative Procedures Act may not be grafted onto the Social Security Act, as these two acts reflect independent statutory schemes both involving the interaction and balancing of differing and complex provisions; see *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977).

Earlier in the history of the Social Security Act, the United States Court of Appeals for the Sixth Circuit adopted the rule that,

If there are other kinds of work which are available, and for which the claimant is suited, it is the defendant's burden to

1. But see *Brown v. Finch*, 429 F.2d 80 (5th Cir.1970); *Breaux v. Finch*, 421 F.2d 687 (5th Cir.1970). See the discussion of these cases in *Hernandez*, above, at 1123.

2. 5 U.S.C. § 556(e) provides:
The transcript of testimony and exhibits, together with all papers and requests filed in the proceeding, constitutes the exclusive record for decision in accordance with Section 557 of this title and, on payment of lawfully prescribed costs, shall be made available to the parties. When an agency decision rests on official notice of a material fact not appearing in the evidence in the record, a party is entitled, on timely request, to an opportunity to show the contrary.
The Social Security Act contains no such safeguards; compare this language with that of 42 U.S.C. § 405(g), quoted earlier.

adduce some evidence from which a finding can be made that he can do some type of work; actually, not apparently.

*Rice v. Celebrezze*, 315 F.2d 7 (6th Cir. 1963).[3]

This rule is applied in cases where plaintiff had shown that he or she is no longer able to perform his or her earlier work. The reasons for this rule were pragmatic:

> . . . [I]t is not the burden of the claimant to introduce evidence which negatives every imaginable job open to men with his impairment, and of his age, experience and education.

*Rice, supra*, at 17.

This rule, however, must be applied pragmatically. Subsequent to *Rice*, in *Justice v. Gardner*, 360 F.2d 998 (6th Cir.1966), and *Floyd v. Finch*, 441 F.2d 73 (6th Cir.1971), the United States Court of Appeals allowed the Secretary to take "notice" that broad categories of work existed in the national economy and that a particular claimant was capable of performing such work. These cases, however, involved claimants whose health conditions were not as complex as that of the plaintiff in the present case.

In *Justice*, for example, the United States Court of Appeals noted that the burden had only questionably shifted to the Secretary, if at all:

> While such a finding could be inferred, the examiner did not, with desirable clarity, announce a finding that plaintiff was not disabled from resuming the work of coal mining.

> \*     \*     \*     \*     \*     \*

> Plaintiff insists . . . that under the rule of our decisions, the burden was on the Secretary to prove that there was other employment available . . ..

Our relevant decisions have been made in the factual contexts of each case and we did not announce a mechanical rule which would relieve each applicant from his initial burden of proving disability.

At 1001–2, footnote omitted.[4]

Similarly, in *Floyd v. Finch*, the court noted:

> In view of the medical evidence that claimant's subjective symptoms were not supportable, and the evidence of his false responses in one of the examinations, we cannot criticize the trial examiner . . .. The hearing examiner found that claimant could perform many sedentary occupations listed in the Dictionary of Occupational Titles . . .. It was proper for the Secretary to take administrative notice that light work existed in the national economy. *Breaux v. Finch*, 421 F.2d 687 (5th Cir.1970).

At 76.

The rule of law which emerges from these cases is that under limited circumstances—where it is obvious that plaintiff can do broad categories of jobs and where it is obvious that jobs falling within such a broad range must exist in significant numbers—the Secretary need not exalt form over substance and require a vocational expert to restate the obvious.

In the present case, however, Ms. Shavers clearly suffers from a complex combination of ailments. Her major ailment is a highly subjective difficulty with hypertension. The administrative law judge acknowledged that this was a severe condition, but found that plaintiff could still perform various jobs of a non-stressful, sedentary nature. This complex conclusion may not be reached without the assistance of expert vocational testimony. In order to fairly reach such a

3. *Cf.* also, *Hall v. Flemming*, 289 F.2d 290 (6th Cir.1961); *King v. Flemming*, 289 F.2d 808 (6th Cir.1961); *Prewitt v. Celebrezze*, 330 F.2d 93 (6th Cir.1962); *Ratliff v. Celebrezze*, 338 F.2d 978 (6th Cir.1964); *Erickson v. Ribicoff*, 305 F.2d 638 (6th Cir.1962); *Massey v. Celebrezze*, 345 F.2d 146 (6th Cir.1965); *Jarvis v. Ribicoff*, 312 F.2d 707 (6th Cir.1963); *Hall v. Celebrezze*, 314 F.2d 686 (6th Cir.1963); *Jones v. Celebrezze*, 321 F.2d 192 (6th Cir.1963).

4. The United States Court of Appeals went on to say, at 1002:

> We do not think that in this case the burden was on the Secretary to precisely point to a job available to this 36 year old man in "generally excellent physical condition" whose only ailment is an ulcer which was shown to respond favorably to dietary and medical control.

conclusion, some expertise as to the amounts of stress inherent in and incidental to such work must be employed.

Plaintiff also points out that certain follow-up medical records which the administrative law judge stated that he would request, were not a part of the record and appear not to have been received. The administrative law judge stated that he would write for them, and it may be that some mishap or misunderstanding occurred. In any event, since the case is to be remanded for further hearings on the vocational issues, plaintiff may at that time cure this error by submitting whatever additional medical or vocational testimony she deems necessary. An order is entered herewith.