**Raymond F. DIABO, Jr., Appellant,**

v.

**SECRETARY OF HEALTH, EDUCATION AND WELFARE Two Cases.**

**No. 78–2287, 79–2534.**

United States Court of Appeals, District of Columbia Circuit.

Argued Jan. 11, 1980.

Decided Feb. 26, 1980.

---

Kenneth Wexler (student counsel), with whom Michael E. Geltner, Washington, D.C. (appointed by this Court) and James C. Brooks, Washington, D.C., were on brief, for appellant.

Jerry D. Bernstein, Asst. U.S. Atty., Washington, D.C., with whom Earl J. Silbert, U.S. Atty., and John A. Terry, Asst. U.S. Atty., Washington, D.C., were on brief, for appellee.

Regina C. McGranery, Asst. U.S. Atty., Washington, D.C., also entered an appearance, for appellee.

Before BAZELON, Senior Circuit Judge, TAMM, Circuit Judge and JUNE L. GREEN,* United States District Judge for the District of Columbia.

---

* Sitting by designation pursuant to 28 U.S.C. § 292(a).

Opinion for the Court filed by District Judge JUNE L. GREEN.

Concurring opinion filed by Circuit Judge TAMM.

JUNE L. GREEN, District Judge:

Raymond F. Diabo, Jr. seeks reversal of the District Court's entry of summary judgment, which affirmed without opinion the decision by the Secretary of Health, Education and Welfare (the Secretary) to deny him social security disability benefits under 42 U.S.C. §§ 416(i) and 423(a). We vacate the judgment of the District Court, and remand the case to the Secretary for a rehearing in accordance with the opinion.

## I.

The appellant is a 55 year old Native American who worked for 30 years throughout the eastern United States in the iron and structural steel industries. After experiencing chest pains in May 1971, Mr. Diabo left his job in New York City and returned to his home in Caughnewaga Reservation, Quebec Province, Canada. A Dr. Pringle informed him there that he had suffered a mild heart attack. Physicians at the Kateri Memorial Hospital in Caughnewaga, including his family doctor, saw Mr. Diabo regularly from June 1971. They instructed him not to work, and diagnosed his condition as myocardial ischemia with anterolateral wall infarction (inadequate circulation of the blood to the heart muscle with extensive death of cells in the rear wall of the heart), angina pectoris (severe pain in the chest caused by inadequate circulation of blood in the heart muscle), hypertension, mild diabetes, intestinal disorders, and probable cirrhosis of the liver.

In June 1973, Mr. Diabo applied for social security disability benefits at the Burlington, Vermont office of the Social Security Administration. Dr. MacDonald, a Canadian physician, conducted a medical examination of Mr. Diabo on November 16, 1974 at the request of the United States Consul in Montreal. Dr. MacDonald's report contained no reference to heart disease and diagnosed Mr. Diabo's hypertension as benign. The disability examiner rejected Mr. Diabo's application in December 1974 on the basis that Mr. Diabo was still capable of performing work of a "light nature." The Division of Reconsideration of the Social Security Administration affirmed the examiner's decision in April 1975.

Mr. Diabo's long and arduous road of appeal continued with an administrative hearing in Washington, D.C., before Administrative Law Judge Michael W. Werth on April 22, 1976. The administrative law judge (also referred to as law judge herein) denied appellant's claim. This denial was affirmed by the Appeals Council of the Social Security Administration in 1977. Pursuant to 42 U.S.C. § 405(g), Mr. Diabo filed an action for review in the District Court for the District of Columbia, seeking reversal of the Secretary's determination or, in the alternative, remand of the case for the taking of additional evidence. The United States District Court Judge granted defendant's motion for summary judgment and dismissed the complaint on November 7, 1978.

## II.

Mr. Diabo argues, and we agree, that the proceedings before the administrative law judge did not constitute a full and fair hearing of his claim for disability benefits. We hold that the administrative hearing did not comply with basic requirements of fairness and procedural due process, *Richardson v. Perales*, 402 U.S. 389, 401–02, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *Smith v. Secretary of Health, Education and Welfare*, 587 F.2d 857, 859 (7th Cir. 1978), because the administrative law judge failed to obtain or admit into evidence relevant and probative medical records, or explore and relate Mr. Diabo's testimony of pain to his capability to engage in substantial gainful employment.

The administrative law judge has the power and duty to investigate fully all matters in issue, and to develop the comprehensive record required for a fair determination of disability. *Daniels v. Mathews*,

567 F.2d 845, 848 (8th Cir. 1977); *Coulter v. Weinberger,* 527 F.2d 224, 229 (3rd Cir. 1975); *Clemmons v. Weinberger,* 416 F.Supp. 623, 625 (W.D.Mo.1976). Federal regulations prescribing the conduct of disability hearings declare that the "presiding officer shall inquire fully into the matters at issue and shall receive in evidence the testimony of witnesses and documents which are relevant and material to such matters." 20 C.F.R. § 404.927 (1979). This duty to probe and explore scrupulously all the relevant facts is particularly strict when the claimant, as here, is not represented by an attorney. *Gold v. Secretary of HEW,* 463 F.2d 38, 43 (2d Cir. 1971); *Cutler v. Weinberger,* 516 F.2d 1282, 1296 (2d Cir. 1975); *Clemmons v. Weinberger, supra.*[1]

### III.

■ The administrative law judge assumed that disability reports from two private insurance companies were payment vouchers, and refused to admit them into evidence. Had the judge examined them, he would have discovered that the reports contained relevant and probative medical statements by four doctors. It was error not to admit these medical statements into the record.[2]

■ The law judge also erred in failing to obtain information from Dr. Pringle, the doctor whom Mr. Diabo saw initially after his heart attack in May 1971. A physician's observations of a patient following a heart attack are relevant to a determination of disability. The law judge further erred in neglecting to obtain additional records from Drs. Poole, Coakley and others at Kateri Memorial Hospital. Mr. Diabo gave the judge the addresses of each of these doctors and said they had additional medical records. Since these additional records were allegedly unrelated to his heart problems, and since Mr. Diabo listed only his heart condition as a basis for disability on his application, appellees argue that the law judge did not have to obtain them. This argument fails, for the statute defines disability as an "inability to engage in any substantial gainful activity by reason of *any* medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than twelve months," 42 U.S.C. §§ 416(i)(1)(A) and 423(d)(1)(A) (emphasis supplied). The law judge's duty in determining disability was to consider the cumulative effect of all of Mr. Diabo's ailments and complaints. *Talifero v. Califano,* 426 F.Supp. 1380, 1388 (W.D.Mo.1977); *Hicks v. Gardner,* 393 F.2d 299, 302 (4th Cir. 1968); 20 C.F.R. § 404.927 (1979).

■ The law judge should have explored fully Mr. Diabo's testimony of pain and medication. He did not seek to ascertain the severity or effects of Mr. Diabo's chest and arm pains, headaches, nosebleeds, foot swelling, breathlessness, nausea, numb and stiff fingers, or leg cramps. Neither did he ask about the numbers or effects of the pills Mr. Diabo took for high blood pressure, angina, and gout. Evidence of subjective pain is relevant and probative to the law judge's ultimate determination of disability, *Underwood v. Ribicoff,* 298 F.2d 850 (4th Cir. 1962); *DePaepe v. Richardson,* 464 F.2d 92, 97–98 (5th Cir. 1972); *Miracle v. Celebrezze,* 351 F.2d 361, 374 (6th Cir. 1965), and failure to consider it is ground for remand, *Brittingham v. Weinberger,* 408 F.Supp. 606, 611–13 (E.D.Pa. 1976).

1. The law judge referred erroneously to Mr. Diabo's representative as "the attorney" without asking whether his assumption was correct. The representative, a non-attorney employee of the American Legion, should have corrected immediately the erroneous assumption. Indeed, although we do not decide the case on these grounds, it is apparent that the representative did little more than "hold hands" with the claimant throughout the hearing. *See Arms v. Gardner,* 353 F.2d 197 (6th Cir. 1965); *Kelley v. Weinberger,* 391 F.Supp. 1337 (N.D.Ind.1974).

2. Appellee's evidentiary objections that the records are inadmissible hearsay and improper authentications are specious, since "[the] strict rules of evidence, applicable in the courtroom, are not to operate at social security hearings so as to bar admission of evidence otherwise pertinent." *Richardson v. Perales,* 402 U.S. 389, 400, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971).

The law judge did not describe the extent and duration of Mr. Diabo's physical impairments and pain when phrasing questions to the vocational counselor. Neither did he mention Mr. Diabo's need to take daily naps or his difficulties traveling. This was error. *See Cornett v. Califano*, 590 F.2d 91, 93 (4th Cir. 1978); *Given v. Weinberger*, 380 F.Supp. 150, 154 (W.D.Va. 1974). He told the vocational counselor to assume that the claimant was capable of doing work that "does not require standing at any one time for more than 10 to 15 minutes and does not require walking rapidly or walking any distance greater than 100 feet at any one time." Based on the faulty hypothetical questions, the vocational counselor suggested four jobs: dispatcher, automatic dishwasher, shelling machine operator, and tool stock clerk. But the law judge did not inquire whether Mr. Diabo could lift and carry dishes or tools, maintain a steady voice without loss of breath while directing emergency services by radio, or respond quickly to malfunctioning machinery. After Mr. Diabo established that he wasn't able to return to his former occupation, the burden shifted to the Secretary to show that there existed some other gainful employment in which Mr. Diabo was capable of engaging. *McLamore v. Weinberger*, 538 F.2d 572 (4th Cir. 1976); *Shavers v. Secretary of HEW*, 438 F.Supp. 535 (E.D. Mich.1977). The law judge erred in failing to match the hypothetical jobs with the capabilities of the claimant before him.

While we do not decide appellant's argument that Mr. Diabo's status as a Native American should have been considered in determining whether work for him existed in the national economy,[3] we note that the Secretary must consider the claimant's education, past experience, and age, 42 U.S.C. § 423(d)(2)(A); *Johnson v. Weinberger*, 383 F.Supp. 1111 (W.D.Va.1974); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968), and must demonstrate a reasonable possibility of employment, *Hodgson v. Celebrezze*, 357 F.2d 750 (3rd Cir. 1966).

Because we remand the case for the taking of additional evidence, it is inappropriate to decide whether substantial evidence supported the administrative law judge's decision. Appellant's Motion to Modify the Record is therefore moot.

IV.

For the reasons expressed above, we vacate the judgment of the district court and remand the case to the Secretary of Health, Education and Welfare with the following instructions. He is to direct his agency to hold a rehearing at which time the medical statements included in Appellant's Exhibit A at 6–7, 9, 11 and 13 shall be admitted. The law judge on rehearing should also obtain additional available medical information from Dr. Pringle and the Kateri Memorial Hospital. Finally, the rehearing should provide an opportunity for full exploration of Mr. Diabo's testimony about his pain and medication. Questions to a vocational expert should be formulated on the basis of Mr. Diabo's actual condition and his own subjective impressions of it. In view of the seven years already consumed in this case, we urge the Secretary to proceed speedily.

*Vacated and Remanded.*

TAMM, Circuit Judge, concurring:

I join in Judge Green's fine opinion for the court. It correctly points to several errors and omissions that the administrative law judge committed in analyzing Mr. Diabo's case. I am satisfied that the cumulative effect of these mistakes was to deprive Mr. Diabo of the full and fair hearing to which he is entitled. Remand, therefore, is necessary to give proper consideration to evidence either not admitted or not sought

---

3. Mr. Diabo's argument here contains two claims as we understand it. First, he argues that the statutory standard of "work which exists in the national economy," 42 U.S.C. § 423(d)(2)(A), should not be applied to him. Rather, his Native American background and reservation heritage warrant a different standard; that of work which actually exists in the area adjacent to his reservation. Alternatively, if the statutory standard is applied strictly, Mr. Diabo seeks consideration of his psychological needs as a Native American in the determination whether work exists for him in the national economy.

284

by the administrative law judge in the first proceeding.

I add these remarks only to dispel the impression some might have that our decision today may be broader than it actually is. I do not read the opinion of the court as holding that each of the errors cited, if taken alone, would have been a sufficient ground for remand. Counsel for Mr. Diabo cited no case in this circuit, and I have found none, that has held any one of these factors by itself would require a new proceeding. Given a set of facts that would present a single one of these mistakes in stark relief, we very well might conclude that it alone is enough to justify a remand. As usual, we steer a more prudent course by waiting until each question arises rather than sailing unnecessarily into waters that, at least in this circuit, are as yet uncharted. Because our holding does not go beyond what the facts of this case require, I concur in the opinion of the court.