Valare POULIN, Plaintiff,

v.

Margaret HECKLER, Secretary, Health and Human Services, Defendant.

Civ. A. No. 83–1253.

United States District Court, District of Columbia.

Sept. 7, 1984.

James R. Crotteau, Pine Tree Legal Assistance, Inc., Bangor, Me., and Charles Horwitz, Migrant Legal Action Program, Inc., Washington, D.C., for plaintiff.

James Owens, Asst. U.S. Atty., Washington, D.C., for defendant.

## OPINION AND ORDER

CHARLES R. RICHEY, District Judge.

The Court has reviewed plaintiff's motion to reverse and the government's motion to affirm which are pending in this case, as well as the administrative record. Both motions involve a final action by the Secretary of Health and Human Services (HHS) denying plaintiff disability benefits under the Social Security Act.

Plaintiff claims that the ALJ decision was in error in that the ALJ failed to give adequate weight to the reports of the treating physicians, and alleges that in at least one case the ALJ misread the report. It is alleged that the ALJ improperly made medical conclusions contrary to the evidence, that he failed to ensure that plaintiff knowingly and intelligently waived his right to counsel, and failed to fully develop the record as required for an unrepresented claimant. Finally, plaintiff claims that the decision rendered by the ALJ was not adequately explained.

The government, in its motion to affirm, claims that the sole issue is whether the ALJ based his findings on "substantial evidence", which is the only standard of review provided by the jurisdictional statute. 42 U.S.C. § 405(g). The Defendant alleges that the ALJ's decision was supported by substantial evidence. The government does not respond to the allegations about the ALJ decision brought out by the plaintiff except to claim that plaintiff's waiver of counsel was "knowing and intelligent."

After reading all the pleadings, as well as the administrative record filed with the defendant's answer, the Court finds that it

must hold for the government based on the letter of the law. The Court must note that it feels great sympathy for Mr. Poulin. It is obvious from the record that the plaintiff is presently suffering from a severe mental condition, a fact not contraverted by the defendant. Unfortunately, the case turns not on whether the plaintiff is now disabled, which he clearly appears to be, but whether he was disabled during the brief period between 1968, when he claims his illness began, and the end of June, 1971, when he last met the statutory insured status requirements. It is the Court's conclusion that the ALJ's decision regarding eligibility during this period was correct and supported by substantial evidence.

Plaintiff is a Canadian citizen. His primary language is French, but it appears from the record that he can read, write, and understand some English. Between 1960 and 1968 he worked several jobs in the United States. From 1960 until 1963 he worked as a construction laborer in Hartford, Connecticut. He then returned to Canada for six months, subsequently working until 1965 as a drywall taperer in Lowell, Massachusetts. In 1965, he again returned to Canada where, after six months, he accepted employment in Quebec as a clerk for a paper company where he worked for two years. In 1968 he took a job as a clerk for a logging camp in northern Maine.

After five months he claims to have become substantially depressed, and subsequently was placed in Saint-Sacremont Hospital under the care of Dr. Yves Rouleau, a psychiatrist. Dr. Rouleau treated the plaintiff from September, 1968 through December, 1971. He was first diagnosed as having atypical depressive syndrome, and was hospitalized and treated with neuroleptic drugs and electro-shock therapy. Subsequent to this treatment, the plaintiff's schizophrenic depression disappeared, and he was discharged from the hospital as functional. Three months later, in January, 1969, plaintiff began working as a clerk in the office of La Chance Brothers in plaintiff's hometown of Beauceville, Canada. He continued working until November 28, 1969, and earned a total of $3411.20 in wages. The record shows that his employer considered his work to be satisfactory and that he earned his pay. During this period, he continued taking the drug Stelezine and seeing Dr. Rouleau.

Finally, in December, 1971, plaintiff suffered an "acute complete psychotic reaction" and was again hospitalized. Plaintiff's condition continued to decline and he was hospitalized again in September and October of 1972. At this time, plaintiff was described as "disassociated and in a typical schizophrenic state" by Dr. Jean-Luc Perron, his physician at that time. Dr. Perron continued to treat plaintiff for the next five years. Since that time, plaintiff has been under the care of Dr. Jacques Potvin who diagnosed him as suffering from "schizophrenic reaction."

While the foregoing might indicate a strong case for disability benefits, the inquiry must be limited to whether the ALJ's finding that the plaintiff was not disabled during the period he was statutorily eligible, was correct and supported by substantial evidence.

Substantial evidence has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). The conclusion in this case is whether the plaintiff was in fact "disabled", as defined in the Social Security Act, between 1968 and June 30, 1971. The Act defines "disability" as "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). *Olson v. Schweiker*, 663 F.2d 593 (5th Cir.1981); *Celebrezze v. Warren*, 339 F.2d 833 (10th Cir.1964). "Substantial gainful activity" is defined as "work that involves doing significant and productive physical or mental duties and is done for pay or profit." 20 C.F.R. § 404.1510. Factors considered in

determining whether a claimant has performed a "substantial gainful activity" include the nature of the work, the quality of work performance, including employer satisfaction, and the time spent at work. 20 C.F.R. § 404.1573. *See, Shutt v. Secretary of Health, Education and Welfare*, 490 F.2d 43, 45–46 (5th Cir.1974). Also, under the applicable regulations, substantial gainful activity will be found if the claimant has earned over a certain amount. For the period in question in this case, that amount is an average of $200.00 a month. 20 C.F.R. § 404.1574(b)(2)(i).

The administrative record shows that the plaintiff was employed from January 6, 1969 until November 28, 1969 as a clerk in the employ of La Chance Brothers in Beauceville, Canada. The plaintiff earned a total of $3411.20 for more than ten months work, or an average of almost $340 per month. The record shows that his work was satisfactory, that he was not frequently absent from work, and that he earned his pay. Under the Social Security Act regulations cited above, the ten months the plaintiff spent as a clerk for La Chance Brothers is clearly "substantial gainful activity" as defined. This ten month period of substantial gainful activity interrupted the continuous twelve months of disability needed to qualify for disability benefits. 42 U.S.C. § 423(d)(1)(A).

■ The ALJ based his decision denying plaintiff's benefits on the evidence that plaintiff was engaged in substantial gainful activity during the period when he was statutorily eligible. Such relevant evidence is of the type "which a reasonable mind might accept as adequate to support" the conclusion that during the period of eligibility the plaintiff did not suffer from a severe disability, as defined by the statute and implementing regulations. *Richardson*, supra. The Court, faced with this uncontroverted fact, is constrained from substituting its judgment for that of the ALJ.

The Court also finds that plaintiff's arguments for reversal or remand are not adequate to overturn an ALJ decision found to be based upon substantial evidence. Plaintiff claims that the ALJ based his decision upon a misreading of the report in the record of Dr. Perron which states that in October of 1974 the plaintiff made "a rapid and fine recovery." The plaintiff alleges that this referred only to plaintiff's recovery from one specific episode, and that the ALJ misread the report to refer to the plaintiff's mental health in general, thus using it as a partial basis for his decision and improperly reaching a medical conclusion. This argument fails for several reasons. First, the report concerned a schizophrenic episode which occurred five years after the plaintiff's period of eligibility, and was therefore not relevant to plaintiff's state of mind at the time in question. Further, the ALJ's reliance on this report was secondary to the substantial evidence of plaintiff's ten months of employment which by itself is enough to uphold the decision. "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive." *Mitchell v. Gardner*, 358 F.2d 826 (D.C.Cir.1966).

■ Plaintiff next argues that the ALJ improperly rejected the opinions of the treating physicians. The ALJ is vested with discretion to determine the weight to be given a medical report concerning a claimant. 20 C.F.R. § 404.1527. Mere opinions, unaccompanied by clinical findings, may not be ignored, but may be accorded little weight in the exercise of the ALJ's discretion. *Williams v. Finch*, 440 F.2d 613 (5th Cir.1971); *Heflin v. Mathews*, 406 F.Supp. 1401, 1404 (D.Md.1976). Of the three physicians whose reports are in the record, only Dr. Rouleau treated the plaintiff at the relevant time. Dr. Rouleau's report was of a conclusory nature and not supported by any clinical data. In addition, the report was written some ten years after Dr. Rouleau had ceased to be the plaintiff's physician. With all this in mind, the Court will not find that the ALJ acted improperly when he exercised his discretion.

■ The Court also finds plaintiff's waiver of counsel argument to be inadequate to overturn the ALJ decision. Although the plaintiff is primarily French-

speaking, it is apparent from the record that he can read and write well enough in English, or has access to someone who can, to understand his waiver of counsel. This is shown especially in his detailed letter accompanying his medical report of January, 1982 wherein he postscripts "please excuse my English." Therefore it appears unlikely that the plaintiff, able to understand and fill out the medical and claims forms, and to compose a detailed letter in English, was unable to understand the notice of his right to counsel. In addition, the ALJ specifically asked the plaintiff through an interpreter at the hearing whether he was waiving his right to counsel. Plaintiff showed no sign of confusion or misunderstanding in this regard. *Goodman v. Richardson*, 448 F.2d 388 (5th Cir.1971).

Finally, the Court finds that the ALJ's development of the record was sufficient, and his decision clearly stated. The ALJ has a duty to "inquire fully into the matters at issue." 20 C.F.R. § 404.927. *Narrol v. Heckler*, 727 F.2d 1303, 1306 (D.C.Cir.1984). This duty is especially important when the claimant is appearing without counsel. *Diabo v. Secretary, Health, Education and Welfare*, 627 F.2d 278, 281–82 (D.C.Cir.1980). In the instant case, however, the administrative record is sufficient. The dispositive fact of plaintiff's ten month period of work could not have been contraverted. This fact was enough to properly end the ALJ's inquiry at that point. 20 C.F.R. § 404.1520(c). The decision itself is clearly stated. Its reasoning is fully developed and complete. The Court sees no reason to overturn the decision on that basis.

In conclusion, in light of the foregoing, the ALJ decision will be affirmed.

Therefore, this 7 day of September, 1984, it is hereby

ORDERED that the defendant's motion for affirmance be granted, and it is

FURTHER ORDERED that the plaintiff's motion for reversal be denied, and it is

FURTHER ORDERED that this case shall be dismissed, and the clerk shall remove it from the docket of this Court.