**James L. MAYNOR, Plaintiff,**

v.

**Margaret M. HECKLER, Secretary, Department of Health and Human Services, Defendant.**

**Civ. A. No. 84–473.**

United States District Court, District of Columbia.

Nov. 19, 1984.

Robin Herman, Community Law Offices, Washington, D.C., for plaintiff.

Deborah A. Robinson, Asst. U.S. Atty., Washington, D.C., for defendant.

## MEMORANDUM OPINION AND ORDER

THOMAS F. HOGAN, District Judge.

Plaintiff brought this action under Section 205(g) of the Social Security Act (Act), which incorporates 42 U.S.C. § 405(g), for a reversal of the decision of the Secretary of Health and Human Services (Secretary), defendant in this action, denying plaintiff's claim for Disability Benefits under Title II of the Act.

### Background

Plaintiff Maynor incurred a back injury in March of 1979. He applied for disability benefits, but his applications were denied initially and on reconsideration. A hearing *de novo* was held before an administrative law judge (ALJ), who concluded that plaintiff is not disabled. The Appeals Council affirmed the ALJ's decision which then became the final decision of the Secretary.

### Issues Presented on Appeal

Plaintiff's complaint and motion for summary judgment asserts four grounds for reversal. For clarification, they are:

1. The Secretary's decision erroneously failed to evaluate plaintiff's claim under 20 C.F.R. § 404.1520(f)(2) and 20 C.F.R. § 404.1562;

2. The Secretary's decision erroneously finds plaintiff capable of performing light work;

3. The decision is based on a misapplication of the Medical-Vocational Guidelines;

4. Plaintiff was denied his due process rights because he did not receive a full and fair hearing.

The Court carefully considered plaintiff's arguments and the defendant's cross-motion for a judgment of affirmance. For the reasons that follow, the Court grants plaintiff's motion for reversal with remand to the Secretary for a rehearing.

### Discussion

1. *The Secretary's Finding, that Plaintiff's Claim is not Actionable Under 20 C.F.R. § 404.1520(f)(2), is not Supported by Substantial Evidence.*

The ALJ decided the issue of disability under 20 C.F.R. § 404.1520(a). Under Section 1520(a), the ALJ considered the claimant's current work activity, the severity of physical and mental impairments, the claimant's residual functional capacity, and age, education and work experience to determine eligibility for disability benefits. The ALJ expressly found that plaintiff is not currently employed, is unable to perform his past work as a construction laborer, but that plaintiff retained a residual functional capacity to do light work. He also found that plaintiff is a person approaching advanced age, has a marginal education, is able to perform unskilled work, and that plaintiff does not have any non-exertional limitations. The ALJ applied these findings to the Medical-Vocational Guidelines in 20 C.F.R. Appendix 2, Table No. 2, Subpart P, Regulation No. 4, and therein found that Rule 202.10 directed a decision that plaintiff is not disabled. (Tr. at 20–21.)

Plaintiff argues that 20 C.F.R. § 404.1520(f)(2), which establishes special standards for determining disability of persons who have a long work history limited to

arduous unskilled physical labor, should have been applied in this instance. The ALJ found that plaintiff is not disabled under Section 1520(f). (Tr. at 21.)

The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive. 42 U.S.C. § 405(g). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Davis v. Heckler*, 566 F.Supp. 1193, 1195 (D.D.C.1983) (citing *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971)). The Court concludes that the Secretary's finding is not supported by substantial evidence.

Regulation 20 C.F.R. § 404.1520(f)(2) provides:

If you have only a marginal education, and long work experience (i.e., 35 years or more) where you only did arduous unskilled physical labor, and you can no longer do this kind of work, we use a different rule (see § 404.1562).

Under 20 C.F.R. § 404.1562,

If you have only a marginal education and work experience of 35 years or more during which you did arduous unskilled labor, and you are not working and are no longer able to do this kind of work because of severe impairment(s), we will consider you unable to do lighter work, and therefore, disabled ....

■ Both the transcript of the hearing (Tr. at 32–51) and the ALJ's decision (Tr. at 16–22) contain no findings relevant to the applicability of these regulations. Most notably, there is no determination of the plaintiff's work history. On the other hand, the record contains clear evidence that plaintiff had entered his 35th year of employment as a construction worker. (Tr. at 83.) Plaintiff argues that he could have proved a work history of more than 35 years of arduous labor, dating back to the time when he left school in the fifth grade, if the ALJ had pursued a line of questioning about plaintiff's job history.

Plaintiff aptly characterizes the duty of the ALJ when a claimant appears without counsel. "[T]he ALJ has an affirmative duty 'to investigate fully all matters in issue, and to develop the comprehensive record required for a fair determination .... This duty to probe and explore scrupulously all the relevant facts is particularly strict when the claimant ... is not represented by an attorney.'" *Narrol v. Heckler*, 727 F.2d 1303, 1306 (D.C.Cir.1984) (quoting *Diabo v. Secretary of Health, Education and Welfare*, 627 F.2d 278, 281–82 (D.C.Cir.1980)). The ALJ in the instant case did not fulfill his obligation where he did not question plaintiff's length of employment and the potential applicability of § 404.1562 is fairly obvious from the evidence in the record.

■ This Court can order additional evidence to be taken before the Secretary upon a showing that there is new and material evidence and that there is good cause for failure to incorporate such evidence in the record in a prior proceeding. *See* 42 U.S.C. § 405(g). Because plaintiff was not represented by counsel and because the ALJ did not pursue questioning in this vein, plaintiff has satisfied his burden and shall be permitted to submit new evidence of his length of employment as an arduous laborer.

2. *The ALJ's Finding That Plaintiff has a Residual Functional Capacity to Perform Light Work is Supported by Substantial Evidence.*

Plaintiff contends that the ALJ erred in failing to give appropriate weight to plaintiff's testimony without a finding of lack of credibility. The Court finds no error in the ALJ's conclusion that plaintiff is capable of performing light work.

■ The Court is not permitted to reweigh the evidence and reach its own determination, but may only review whether the decision is supported by substantial evidence. *Reyes v. Secretary of Health, Education and Welfare*, 476 F.2d 910, 914 (D.C.Cir.1973). The medical evidence of all the physicians, taken together, leaves no doubt that the record contains relevant evidence to support the ALJ's conclusion.

That this Court might have found otherwise is irrelevant. Plaintiff's testimony does not, as plaintiff suggests, provide overwhelming evidence contrary to the ALJ's conclusion. Subjective testimony of pain is not relevant to a determination of a claimant's residual functional capacity. It is relevant to the issue of non-exertional limitations, and as such, it is addressed in the next section.

### 3. *The Decision is Based on a Misapplication of the Medical-Vocational Guidelines.*

Plaintiff argues that the ALJ erroneously concluded that plaintiff does not have any non-exertional limitations and that as a result he failed to consider the effect of plaintiff's non-exertional limitations on plaintiff's residual functional capacity to do light work. Plaintiff makes a related argument that the ALJ erroneously failed to provide a vocational expert to testify to the availability of jobs in the national economy, as required when non-exertional factors limit the full range of jobs in claimant's residual functional category. Again the Court must agree with plaintiff.

■ The relevant regulation is 20 C.F.R. App. 2, Subpart P, Regulation No. 4, § 200.00(e). This section states:

Since the rules are predicated on an individual's having an impairment which manifests itself by limitations in meeting the strength requirements of jobs, they may not be fully applicable where the individual's impairment [results in sensory impairments.]

[W]here an individual has an impairment or combination of impairments resulting in both strength limitations and non-exertional limitations, the rules in this subpart are considered in determining first whether a finding of disabled may be possible based on the strength limitations alone and, if not, the rules ... provide a framework for consideration of how much the individual's work capability is further diminished in terms of any types of jobs that would be contraindicated by

the non-exertional limitations. § 200.-00(e)(2)

and,

[T]hese combinations of exertional and non-exertional limitations ... cannot be wholly determined under the rules in Appendix 2, ... § 200.00(e)(2)

This regulation clearly points out that the medical-vocational guidelines cannot be used to "direct" an outcome in cases where non-exertional limitations diminish the claimant's capacity to perform the full range of jobs contemplated in his residual functional capacity category. *See McCoy v. Schweiker,* 683 F.2d 1138, 1146 (8th Cir. 1982).

■ The ALJ concluded that Mr. Maynor's pain was not, in and of itself, disabling. (Tr. at 21.) However, this finding does not preclude further consideration of pain as a factor in determining disability. The court in *Gagnon v. Secretary of Health and Human Services,* 666 F.2d 662, 665–66 (1st Cir.1981), sustained a finding that claimant's pain was not severe enough to be a separate ground for disability, but remanded because the lower court failed to consider the pain in combination with claimant's residual functional capacity.

■ In the instant case, pain is a non-exertional limitation which could diminish the types of jobs, contemplated by the light-work category, which Mr. Maynor could perform. *See Gagnon,* 666 F.2d at 666 and n. 8. The ALJ should have considered whether Mr. Maynor's pain significantly affects his capacity to do light work, instead of directing a decision under Rule 202.10 that plaintiff was not disabled. *See id.* at 666.

■ On remand, the ALJ shall provide a vocational expert if plaintiff's pain is found to be significant enough to limit his capacity to perform some of the jobs in his exertional category. *See Allred v. Heckler,* 729 F.2d 529, 533 (8th Cir.1984) (citing *McCoy v. Schweiker,* 683 F.2d at 1146); *Gagnon,* 666 F.2d at 666.

### 4. *Due Process Rights to a Full and Fair Hearing*

Plaintiff argues that the ALJ, through his failure to properly advise plaintiff of his right to counsel and his failure to fully develop the evidence in the record, he denied plaintiff of a full and fair hearing of his claim. The Court cannot agree.

■ A claimant must be informed of his or her right to counsel before an administrative hearing and he or she must knowingly waive it. *See Dobrowolsky v. Califano,* 606 F.2d 403, 407 (3rd Cir.1979). In the hearing below, the ALJ informed plaintiff of his right to counsel and the need to make a decision. Plaintiff argues that the ALJ's next statement: "I see you're here with a friend today. I assume you're going on your own behalf without an attorney.", was an assumption, as opposed to an inquiry, and may have deterred Mr. Maynor from choosing to obtain representation.

■ An ALJ should avoid statements which deter a claimant from choosing to postpone a hearing and obtain counsel. However, plaintiff should bear the burden of proving that his result in fact occurred. Counsel's argument, that it might have occurred is not sufficient. Nor does this Court think the ALJ's statement is particularly influential or deterrent. Accordingly the Court finds plaintiff was informed and knowingly waived his right to counsel at the hearing.

Plaintiff's due process argument also rests on allegations that the ALJ failed to develop several highly material issues. While the Court feels certain that the questioning could have been pursued more vigorously, this issue need not be decided because the disposition of the issues above will cure any deficiencies in the hearing below.

### Conclusion

The Court's disposition of the first and third issues necessitates a rehearing to receive and consider new evidence of plaintiff's work history and the extent of plaintiff's non-exertional limitations due to pain.

If it is found that plaintiff is not disabled under 20 C.F.R. §§ 404.1520(f)(2) and 404.1562, the ALJ shall proceed to determine whether the types of jobs contemplated in the light work category are diminished by plaintiff's non-exertional limitation. Upon a finding that some jobs are contraindicated, the Secretary must provide a vocational expert to prove that there are jobs available for Mr. Maynor.

It is this 19th day of November, 1984,

ORDERED that this case is reversed and remanded for further proceedings consistent herewith.